■ In the Matter of JOACKIM CHARLES et al., Petitioners, v COMMISSIONER, NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [658 NYS2d 645] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, the Commissioner of the New York State Department of Social Services, dated December 12, 1995, which, after a hearing, excluded the petitioners from participating in the Medicaid program for a period of two years and directed them to make restitution of Medicaid overpayments.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The instant proceeding was erroneously transferred to this Court pursuant to CPLR 7804 (g). Although the respondent made findings of fact based upon a quasi-judicial proceeding, the petitioners' only contention is that the penalty imposed upon them was arbitrary and capricious. Therefore, no substantial evidence question was brought up for review (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Curry v Blum, 73 AD2d 965). Nevertheless, this Court will retain jurisdiction for the purpose of deciding this case on the merits (see, Seaview Assn. v Department of Envtl. Conservation, 123 AD2d 619).

The petitioners, an ambulette company and its owner, were enrolled in the Medicaid program to provide transportation services to Medicaid recipients for reimbursement by the respondent. The respondent audited the company and found that half of its drivers were unlicensed, and that many of its records for services rendered failed to identify the driver of the ambulette both of which constituted violations of the respondent's regulations.

The sanction imposed is consistent with the guidelines to be considered in determining such sanctions (see, 18 NYCRR 515.4), and is not so disproportionate to the nature of the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., supra). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.