■ In the Matter of ANA CARDONA, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [699 NYS2d 383] —Determination of respondent New York City Housing Authority dated December 10, 1997, which, after a hearing, terminated petitioner's public housing tenancy on the ground that she violated a stipulation of settlement in a prior non-desirability proceeding that conditioned her eligibility on the continued absence of her emancipated son from the subject apartment, unanimously annulled, without costs, the petition pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Karla Moskowitz, J.], entered December 29, 1998) granted, the matter remitted to the municipal respondent, and respondent directed to reinstate petitioner's tenancy.

Petitioner, a tenant in public housing for over 30 years, signed a stipulation requiring her exclusion of her 29 year-old son from the apartment that she shared with her daughter and grandchild. The son had previously been found on the premises with marihuana and was not registered as an occupant of the apartment, but there is no evidence that he had violent or

other disruptive tendencies. During the subsequent period of more than two years and after nine investigative inspections of the apartment, the son was not seen on the premises, nor was he observed. On the one occasion an investigator found him in petitioner's apartment, which provided the basis for the termination of petitioner's tenancy, he stated that he was only visiting; petitioner was not home on that occasion. In view of the absence of evidence that petitioner had consciously and intentionally violated the stipulation, the de minimis nature of the violation, and especially considering the drastic consequences to this particular petitioner who is an elderly woman and purportedly in ill health, the penalty imposed is unduly harsh under the unique circumstances presented for our review. Concur—Ellerin, P. J., Rosenberger, Tom, Andrias and Buckley, JJ.