■ In the Matter of CARMEN VEGA, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [717 NYS2d 61] —Determination of respondent New York City Housing Authority dated December 10, 1997, which, after a hearing, terminated petitioner's public housing tenancy on the grounds that she violated the terms of a stipulation permanently excluding her son from the premises, and violated the terms of her tenancy by having a dog in the premises, unanimously annulled, without costs, the petition pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Helen Freedman, J.], entered on or about May 11, 1999) granted, the matter remitted to the municipal respondent for proceedings consistent with this decision and order, and respondent directed to reinstate petitioner's tenancy.

Contrary to the conclusion reached by respondent, there was insufficient evidence to conclude that petitioner violated the terms of a stipulation permanently excluding her son from the premises. Although petitioner's son appeared at her apartment door on one occasion, there is no evidence that he actually entered it. Moreover, there is no evidence that he did so at petitioner's invitation, request or with her acquiescence. Accordingly, it cannot be said that petitioner intentionally violated the terms of the stipulation (*see, Cardona v Franco*, 267 AD2d 53).

To the extent that petitioner was found to have had a dog in violation of her tenancy, it is not contended that this violation, by itself, warranted the termination of petitioner's tenancy. In view of this, this proceeding should be remitted to the municipal respondent for the imposition of an appropriate penalty, if any. Concur—Sullivan, P. J., Rubin, Saxe, Buckley and Friedman, JJ.