■ 565 TENANTS CORP., Respondent, v JAN ADAMS, Appellant. [863 NYS2d 675]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered December 10,

2007, which reversed an order of the Civil Court, New York County (Gerald Lebovits, J.), entered on or about December 15, 2005, vacating the Marshal's notice of eviction in a holdover proceeding, and reinstated the notice of eviction, unanimously affirmed, with costs.

The Appellate Term correctly held that under the terms of the parties' stipulation, tenant's admitted presence in the apartment at the time his dog defecated on the floor required that the mess be immediately cleaned up. Tenant's claim that the dog must have defecated while he and his girlfriend were in another area of the apartment and in a hurry to make a plane, and that they were unaware of the mess until they returned from vacation three weeks later, is unavailing (*see Hotel Cameron, Inc. v Purcell*, 35 AD3d 153 [2006]), especially in view of the clause that the stipulation was to be applied with "zero tolerance" and that no violation was to be deemed "de minimus [*sic*]" (*see 1029 Sixth v Riniv Corp.*, 9 AD3d 142, 149 [2004], *appeals dismissed* 4 NY3d 795 [2005]). Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.