OPINION OF THE COURT
Per Curiam.
Order, dated July 15, 2010, reversed, without costs, and landlord’s motion denied.
The underlying nuisance holdover proceeding stems from a single violent altercation that took place within the subject rent-controlled apartment in November 2003, involving the then 74-year-old tenant and her adult son, who at that time resided in the apartment with the tenant. The proceeding was settled by a so-ordered stipulation in February 2005, with tenant agreeing, among other things, to refrain from threatening the building’s staff or neighboring tenants (para 1 [b]) and to “permanently exclude” her son from the “premises” (para 1 [a]). Paragraph 2 of the stipulation provided as follows: “In the event of default of any of the above provisions, [landlord] may move the Court for a judgment of possession and the issue for *3 the Court to determine at a hearing is whether this agreement was breached after today and whether the breach merits [tenant’s] eviction.”
In October 2009, more than dl/s years after execution of the settlement stipulation, landlord moved to restore the case to the calendar based upon allegations that tenant had violated paragraph 1 (a) by allowing her son to return to the premises.
While the evidence presented at the compliance hearing was sufficient to support a finding that tenant technically violated the stipulation by allowing her son to visit the apartment (see Matter of Gilmore v Hernandez, 40 AD3d 410, 412 [2007]; Matter of Romero v Martinez, 280 AD2d 58 [2001], lv denied 96 NY2d 721 [2001]), we conclude, based upon our review of the record as a whole, that any such violation was not shown to “merit[ ] [tenant’s] eviction.” Significantly, landlord offered no particularized proof at the hearing as to the frequency or duration of the son’s presence in the apartment, nor advanced any claim that the son interfered with the comfort or safety of the building’s staff or occupants at any point during the extended period between the parties’ execution of the February 2005 settlement stipulation and the June 2010 compliance hearing (cf. Matter of Harris v Hernandez, 72 AD3d 450 [2010]; Matter of Patrick v Hernandez, 309 AD2d 566 [2003]; Broadway Portfolio I Owner LLC v Bello, 25 Misc 3d 138[A], 2009 NY Slip Op 52348[U] [App Term, 1st Dept 2009]). In the circumstances here present, and mindful that the stipulation’s provisions afforded the court leeway in determining whether any claimed violation(s) “merit[ed] [tenant’s] eviction” (cf. 565 Tenants Corp. v Adams, 54 AD3d 602, 603 [2008] [stipulation by its terms to be applied with “zero tolerance,” with no violation deemed de minimis]), we are not persuaded that a forfeiture of this rent-controlled tenancy spanning a half century is warranted. In reaching this conclusion, we have no occasion to address the propriety of the (unappealed) order of November 26, 2004, denying tenant’s motion to dismiss the holdover petition for failure to state a cause of action.
Lowe, III, EJ., Shulman and Hunter, Jr., JJ., concur.