■ In the Matter of MARIA LOPEZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [995 NYS2d 61]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered May 24, 2013, denying the petition to annul respondent's determination, dated June 13, 2012, which adopted the decision of the Hearing Officer to terminate petitioner's tenancy, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Transfer of the subject proceeding pursuant to CPLR 7804 (g)

was not required since the issues raised in the petition concerned the penalty imposed rather than issues of substantial evidence (*see e.g. Matter of Kerney v Hernandez*, 60 AD3d 544 [1st Dept 2009]; *Matter of Charles v Commissioner, N.Y. State Dept. of Social Servs.*, 240 AD2d 490 [2d Dept 1997]).

Having reviewed the record, we agree with Supreme Court that the decision to terminate petitioner's tenancy was not arbitrary and capricious. Respondent had previously afforded petitioner a mitigated penalty by agreeing to a permanent exclusion of her son from the apartment, rather than pursuing termination of her tenancy due to her son's serious criminal activity. Petitioner, however, admittedly violated the stipulation of settlement when her son, newly released from a lengthy prison sentence, was discovered in the apartment.

Under the circumstances presented the penalty of termination does not shock our sense of fairness, notwithstanding petitioner's longstanding tenancy (*see e.g. Matter of Cruz v New York City Hous. Auth.*, 106 AD3d 631 [1st Dept 2013]; *Matter of Gibbs v New York City Hous. Auth.*, 82 AD3d 412 [1st Dept 2011]; *Matter of Wooten v Finkle*, 285 AD2d 407, 408-409 [1st Dept 2001]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.