OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and landlord’s motion for leave to execute the warrant of eviction is denied.
In this holdover proceeding based on an alleged breach of a substantial obligation of the tenancy, insofar as is relevant to this appeal, Andrea Richburg (tenant) and landlord entered into a stipulation of settlement requiring the permanent exclusion of tenant’s son from the premises. Specifically, the stipulation provided that tenant would “never allow and/or facilitate access and/or entry of [her son] into the subject apartment, building and/or property.” About 2V2 years later, landlord moved for leave to execute the warrant of eviction, alleging, among other things, that tenant had allowed her son “to reside and/or visit the subject premises on a daily basis.” Tenant denied the allegations, and a hearing was held.
The evidence at the hearing showed that, on one occasion, tenant’s son had come to tenant’s door to discuss funeral arrangements for tenant’s son’s father (tenant’s estranged husband), who had recently passed away. Tenant’s unrebutted testimony was that this visit was short and unannounced. Tenant denied that she had let her son inside the apartment; *15 however, landlord’s witness alleged that tenant’s son did go inside. Landlord’s witness agreed that the encounter was short. In addition to this incident, landlord’s witness testified to having seen tenant’s son on the property, a large complex covering about 32 blocks, a few times, some of those times with tenant. After the hearing, the Civil Court granted landlord’s motion, finding that tenant’s son’s decision to visit the premises, as well as
“[tenant’s] decision to facilitate his entry to the premises by opening the door, and . . . [tenant’s] decision to carry on a conversation on the premises from which [tenant’s son] was barred—all demonstrate a disregard for the consequences of violating the May 2009 stipulation and for the safety of everyone involved.”
We reverse.
Settlement stipulations are favored and will not be undone absent proof that the settlement was obtained by fraud, collusion, mistake, accident or other ground sufficient to invalidate a contract (see e.g. Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). Nevertheless, it is well settled that the enforcement of a court-ordered stipulation of settlement is “subject to the supervision of the courts” (Malvin v Schwartz, 65 AD2d 769, 769 [1978], affd 48 NY2d 693 [1979]), and courts may relieve a party from the consequences of strict enforcement of a stipulation when such enforcement would be unjust or inequitable (see e.g. Weitz v Murphy, 241 AD2d 547 [1997]; Bank of N.Y. v Forlini, 220 AD2d 377 [1995]). Such relief is appropriate where a party has substantially complied with the stipulation and where the default is de minimis (see e.g. Winthrop Realty, LLC v Menal, 21 Misc 3d 141 [A], 2008 NY Slip Op 52383[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; J & H Mgt. Corp. v W.W.R.S Automotive Inc., 7 Misc 3d 134[A], 2005 NY Slip Op 50742[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
In our view, strict enforcement of the stipulation is not warranted on the facts of this case. As to the one proven visit between tenant and her son, some 2V2 years after the stipulation had been entered into, there was no evidence that this short encounter was at tenant’s “invitation, request or with her acquiescence” (Matter of Vega v Franco, 277 AD2d 131, 131 [2000]; cf. Matter of Patrick v Hernandez, 309 AD2d 566 [2003]) and tenant denied that her son had entered the apartment (see *16 Matter of Vega, 277 AD2d 131; cf. e.g. Matter of Lopez v New York City Hous. Auth., 121 AD3d 610 [2014]; Matter of Romano v New York City Hous. Auth., 121 AD3d 503 [2014]; Matter of Liverman v New York City Hous. Auth., 118 AD3d 580, 580 [2014]; Matter of Horne v New York City Hous. Auth., 113 AD3d 575 [2014]; Matter of Cruz v New York City Hous. Auth., 106 AD3d 631 [2013]; Matter of Romero v Martinez, 280 AD2d 58, 63 [2001]). As to the other times that tenant’s son was allegedly seen on the premises, the evidence was not clear that tenant had actually been seen with her son and there was no evidence that tenant had facilitated those visits.
Landlord argues that it has a duty to keep the other residents of the complex safe by excluding tenant’s son from the property altogether. Safety is a legitimate concern here as the allegations made against tenant’s son in the holdover petition were very serious. However, landlord’s claimed interest in not allowing tenant’s son any access to the property is severely undermined by the facts that landlord itself hired tenant’s son, after the permanent exclusion stipulation had been entered into, to work on the grounds, that tenant’s son did work on the property for several months, and that his work apparently included not only being on the property, but going inside the buildings and apartments as well.
Based on all of the circumstances presented, we find that landlord failed to prove a violation of the stipulation sufficient to warrant the termination of tenant’s long-term tenancy (see Matter of Vega v Franco, 277 AD2d 131 [2000]; Tri Cruger Realty, LLC v Masterson, 36 Misc 3d 145[A], 2012 NY Slip Op 51590[U] [App Term, 1st Dept 2012]; 160 W. 118th St. Corp. v Gary, 32 Misc 3d 1 [App Term, 1st Dept 2011]).
Accordingly, the order is reversed and landlord’s motion for leave to execute the warrant of eviction is denied.
Pesce, P.J., Aliotta and Elliot, JJ., concur.