720 West Partners, LLC, Petitioner-Landlord-Respondent, -
against
Maria Alvarez, Respondent-Tenant-Appellant, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from (1) an order of the of the Civil Court of the City of New York, New York County (Arlene H. Hahn, J.), entered on or about April 29, 2015, after a hearing, which granted landlord's motion for entry of a final judgment of possession pursuant to a stipulation settling a holdover summary proceeding, and (2) an order of the same court (Jean T. Schneider, J.), dated May 13, 2016, which denied tenant's motion to stay execution of the warrant of eviction.




Per Curiam.
Order (Arlene H. Hahn, J.), entered on or about April 29, 2015, affirmed, without costs. Appeal from order (Jean T. Schneider, J.), dated May 13, 2016, dismissed, without
costs, as abandoned.
The evidence adduced at the hearing amply supports Civil Court's determination that tenant breached the two-attorney, so-ordered stipulation settling the underlying nuisance holdover proceeding. Landlord's witnesses - six building residents and the superintendent - testified that tenant repeatedly violated paragraph 7 of the stipulation by failing to accompany her permanently-excluded, adult son, Carlos, into and out of the building when he visited, and allowing him to stay in her apartment overnight. Indeed, tenant acknowledged in her own testimony that she did not always escort Carlos out of the building after he visited the apartment. While the tenant cannot be answerable for the conduct of her adult child, or for his decisions regarding where to go, she may be held responsible for her own conduct in violation of the stipulation (see Matter of Romero v Martinez, 280 AD2d 58, 63 [2001], lv denied 96 NY2d 721 [2001]).
In view of the fully supported finding that tenant breached the stipulation, landlord was properly granted a possessory judgment, "the contracted-for consequence of ... tenant['s] own failure to do that which [she] promised to do" (Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [2006], quoting 1029 Sixth v Riniv Corp., 9 AD3d 142, 150 [2004], appeals dismissed 4 NY3d 795 [2005]; see 565 Tenants Corp. v Adams, 54 AD3d 602 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: January 25, 2017