Prospect Union Associates, 
 Petitioner-Landlord-Respondent,
against
Bienvenida DeJesus and Carlos DeJesus, Respondents-Tenants-Appellants, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenants appeal from (1) an order of the Civil Court of the City of New York, Bronx County (Arlene H. Hahn, J.), dated April 18, 2016, which denied their motion to vacate three stipulations of settlement in a holdover summary proceeding, and (2) an order (same court and Judge), dated October 31, 2016, which denied their motion to vacate the final judgment of possession and to permanently stay execution of the warrant of eviction.




Per Curiam.
Orders (Arlene H. Hahn, J.), dated, respectively, April 18, 2016, and October 31, 2016, affirmed, with $10 costs.
Landlord commenced this nuisance holdover proceeding alleging, inter alia, that tenants created a health and fire hazard based upon a "Collyer"-type condition of clutter and trash in the apartment, and that they refused to comply with landlord's efforts to exterminate bedbugs. After Civil Court appointed a guardian ad litem (GAL) for tenants, the parties entered into an October 22, 2015 stipulation of settlement providing that tenants would execute and return certain "extermination prep sheets" to landlord and prepare the apartment for bedbug extermination on November 9, 2015.
When tenants failed to comply with the terms of the October stipulation, the parties entered into two successive stipulations, dated December 9, 2015 and January 6, 2016, respectively. These stipulations provided for entry of a judgment of possession in favor of landlord, with issuance of the warrant of eviction stayed on the condition of tenants' "full compliance with all the terms of th[e] agreement, time of the essence, no default de minimus," including that tenants "remove all clutter and prepare the... premises for proper bedbug extermination" by January 15, 2016. In the event that tenants failed to comply with the terms of [*2]the stipulations, all stays would be vacated and landlord had the right to evict tenants. 
Upon tenants' continuing failure to comply, a warrant of eviction was issued. In March 2016, Civil Court denied tenants' motion to vacate the judgment, finding that "despite strenuous efforts of the GAL, the apartment had not been prepared for bedbug extermination" in accordance with the stipulation. No appeal was taken from this order. Execution of the warrant was stayed through March 31, 2016. 
Civil Court's denial of tenants' April 2016 motion to vacate the three stipulations was a provident exercise of discretion, given the absence of any showing that the stipulations were entered into inadvisedly or that it would be inequitable to hold the parties to the agreements' unambiguous terms (see Matter of Frutiger, 29 NY2d 143, 150 [1971]). The stipulations afforded tenants multiple opportunities to prepare their apartment for bedbug extermination and to preserve their tenancy. As Civil Court also expressly noted, the GAL "conscientiously and appropriately represented [tenants] over the course of six months, visiting [tenants'] home on weekends, in an effort to help them resolve the issues herein."
Tenants' subsequent July 2016 motion to vacate the judgment and warrant, based upon a belated purported cure of the conditions effectuated by their Mental Hygiene Law article 81 guardian, who was appointed on May 23, 2016, was also properly denied. Given the conditions in tenants' apartment that placed at risk the health and safety of other building residents, the "no breach is de minimis" terms agreed to by the parties, tenants' nearly one year delay in permitting access to landlord's exterminator, and the lack of any evidence that the article 81 guardian would solve the problem of access, it was not an abuse of discretion for the court to enforce the stipulations by their terms (see 565 Tenants Corp. v Adams, 54 AD3d 602 [2008]; Hotel Cameron, Inc. v Purcell, 35 AD3d 153 [2006]; Stratton Coop. v Fener, 211 AD2d 559 [1995]). Tenants, having failed to remedy the demonstrated nuisance conditions despite ample opportunity to do so during the protracted proceedings below, are not entitled to a further stay of execution of the warrant of eviction so as to effectuate the cure so long resisted (see Cabrini Terrace Joint Venture v O'Brien, 71 AD3d 486 [2010]). We also take judicial notice of papers submitted in connection with a motion to vacate the stay pending appeal, made before this court in April 2017 (see Vasquez v Christian Herald Assn., 186 AD2d 467, 468 [1992], lv dismissed 81 NY2d 783 [1993]), which persuasively indicate, without competent opposition, that the nuisance conditions have not abated.
We have examined tenants remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 30, 2017