Matter of 35 Jackson House Apts. Corp. v Yaworski (2018 NY Slip Op 05301)





Matter of 35 Jackson House Apts. Corp. v Yaworski


2018 NY Slip Op 05301


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-02766
 (Index No. 55922/10, Docket No. 895/14)

[*1]In the Matter of 35 Jackson House Apartments Corporation, petitioner-respondent, 
v
Monika Yaworski, appellant, et al., respondents.


Alterman & Boop LLP, New York, NY (Arlene F. Boop of counsel), for appellant.
Gutman, Mintz, Baker & Sonnenfeldt, LLP, New Hyde Park, NY (Arianna Gonzalez-Abreu of counsel), for petitioner-respondent.



DECISION & ORDER
In a summary holdover proceeding, Monika Yaworski appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated December 15, 2015. The order affirmed an order of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), entered April 23, 2014, which, insofar as appealed from, granted that branch of the petitioner's motion which was for leave to execute a warrant of eviction.
ORDERED that the order dated December 15, 2015, is affirmed, with costs.
The landlord, 35 Jackson House Apartments Corporation, commenced this summary holdover proceeding based on unauthorized renovations of a cooperative apartment. Thereafter, the parties entered into a so-ordered stipulation of settlement requiring the shareholder, Monika Yaworski, to, inter alia, hire a licensed and insured plumber, electrician, and architect and/or structural engineer to inspect the premises and ensure that the alterations complied with New York City Department of Buildings code requirements. The stipulation gave the shareholder 30 days to provide the landlord "with names, licenses, insurance information, addresses as well as proof of insurance" for those workers. The shareholder failed to meet the deadline.
Subsequently, the landlord made three separate motions, inter alia, for leave to execute a warrant of eviction, arguing each time that the shareholder had failed to comply with the stipulation. Upon the first two motions, the shareholder's time to comply with the stipulation was [*2]extended, with the second order noting that the shareholder had failed to provide licenses for the workers, and specifically directing the shareholder to provide those licenses. The shareholder failed to do so, and the Civil Court granted that branch of the landlord's third motion which was for leave to execute a warrant of eviction.
The shareholder appealed to the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts from so much of the order as granted that branch of the landlord's motion, and that portion of the order was affirmed (see 35 Jackson House Apts. Corp. v Yaworski, 50 Misc 3d 128[A], 2015 NY Slip Op 51887[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).
"Stipulations of settlement are favored by the courts and not lightly cast aside . . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York, 64 NY2d 224, 230; see Caroli v Allstate Ins. Co., 100 AD3d 941, 943). Nevertheless, "courts may relieve a party from the consequences of strict enforcement of a stipulation when such enforcement would be unjust or inequitable" (Dubor Assoc. v Richburg, 50 Misc 3d 13, 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; see Weitz v Murphy, 241 AD2d 547; Bank of N.Y. v Forlini, 220 AD2d 377). Such relief is appropriate where a party has substantially complied with the stipulation and where the default is de minimis (see Dubor Assoc. v Richburg, 50 Misc 3d at 15; Winthrop Realty, LLC v Menal, 21 Misc 3d 141[A], 2008 NY Slip Op 52383[U] [App Term, 2d Dept, 2d & 11th Jud Dists]).
Here, the shareholder repeatedly failed to comply with material provisions of the stipulation despite two extensions granted by the Civil Court. The terms required the shareholder to provide the licenses for the workers, which she did not do, prior to inspection of the premises and the performance of any necessary alterations. Under these circumstances, the shareholder did not substantially comply with the stipulation and the default was not de minimis (see Dubor Assoc. v Richburg, 50 Misc 3d at 15; Winthrop Realty, LLC v Menal, 21 Misc 3d 141[A]; see also 1035 Wash. Realty, LLC v Grange, 27 Misc 3d 129[A], 2010 NY Slip Op 50613[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).
Accordingly, we agree with the Appellate Term's determination that the Civil Court providently exercised its discretion in granting that branch of the landlord's motion which was for leave to execute a warrant of eviction.
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court