FANNIE GOLDSTEIN, Respondent, v. GEORGE GOLDSMITH and Others, Defendants, Impleaded with WILLIAM LIBERMAN and Another, Appellants.

Second Department, January 25, 1935.

*Herman S. Bachrach [Clarence G. Bachrach* and *Samuel S. Bisgyer* with him on the brief], for the appellants.

*J. Hampden Dougherty, Jr.,* for the respondent.

DAVIS, J. In a judgment creditor's action brought against certain defendants, including the two appellants, a judgment was entered by the plaintiff *ex parte* on a stipulation. These appellants moved to vacate the judgment and for other relief, and their motion was denied.

The facts, in brief, are that the plaintiff had recovered a judgment against a corporation for $9,271.30 which was not paid. This was followed by an action against the corporation and a number of individuals to reach property or the avails thereof transferred to the several individual defendants, on the ground that such conveyances and transfers were a fraud upon the plaintiff. The demand for judgment was that the individual defendants pay to the plaintiff the amount of her judgment with interest; that the defendants, corporate and individual, account for the value of the properties of the corporation received by them; and that particular relief be had against another corporation.

As to what occurred in respect to the other defendants we are not informed; but as to these defendants, Liberman and Greenberg, there were negotiations leading to a settlement called a " stipulation," executed in June, 1934, in which it was agreed that the action as to them should be settled by the payment of $1,000, of which $400 was to be paid by check at the time of signing. Four other payments of $150 each were to be made on July 16, August 15, September 15 and October 15, 1934. Certain general and special releases were to be executed by the plaintiff and delivered to her attorneys, to be turned over later to defendants after payment. Two other defendants, by similar stipulation, had agreed to pay the same sum. If the four paid, then a general release was to be given in favor of all the defendants. If these appellants paid $1,000, then a special release was to be given to them.

The final paragraph in the stipulation is as follows: " In the event that the defendants William Liberman and Samuel Greenberg fail to pay $1000 upon the dates as provided in this stipulation, then upon ten days' notice of such default to * * * Samuel

Greenberg * * * and Daniel Liberman [giving their respective addresses], *the plaintiff shall have the right, without further notice, to enter judgment for the amount demanded in the complaint less any of the payments received by way of settlements from any of the defendants herein.*"

This stipulation was signed by the attorneys for the plaintiff and by these appellants individually. The reason for its not being signed by their attorneys, if in fact they then had attorneys, is not stated.

Liberman and Greenberg made an agreement between themselves in respect to separate equal payments by each. Four hundred dollars of the $1,000 were paid at the time of the execution of the stipulation. An additional $150 was paid in July. They did not make their August fifteenth payment on the particular day, and on August twenty-second they received the notice of default by mail. Under the terms of the stipulation this gave them ten days in which to make payment, before judgment could be entered. Liberman was not in funds at the time, so Greenberg instructed his secretary to issue two checks, each in the sum of $75, drawn on the Corn Exchange Bank — one to pay his half of the $150 installment, and the other payable to Liberman, which the latter indorsed over to plaintiff's attorneys. These checks were dated August twenty-seventh and were mailed to the attorneys for the plaintiff on that day. The ten days' notice did not expire until September first.

On August twenty-eighth Greenberg mailed funds amounting to $9,000 for deposit in the bank. The following morning he left for his vacation and did not return until September ninth. His personal check was paid when the two checks were presented by plaintiff's attorneys at the bank on August twenty-ninth. The check drawn to Liberman was returned marked " Insufficient Funds." Greenberg did not learn of the dishonor of the Liberman check until he returned from his vacation some time later in September. In the meantime plaintiff's attorneys had applied to the court *ex parte* on the stipulation and entered judgment for about $10,000, giving credit only for the sums already paid. It was entered on this alleged default of payment of $75.

The manager of the bank states in an affidavit that Greenberg has had an account at that branch for many years; that on August twenty-ninth there were presented two checks; that the records showed that one was paid and the other was returned " by the bookkeeper marked ' Insufficient funds; ' " that an examination of the records " indicates that some time during the business day of August 29, 1934, a deposit for said account in the sum of $9,000

was received in the mails. This deposit had not been entered upon the ledger until after the $75 check was returned for insufficient funds. If the bookkeeper had known that a $9,000 deposit had been received on August 29, 1934, the $75 check would not have been returned but would have been paid." Further it is said that neither Greenberg nor his office was notified of the dishonor of the check.

Therefore, it appears positively that Greenberg had a large sum of money on deposit in the bank on the day the check was presented; that it was returned for insufficient funds through an error of the bookkeeper or through the failure to enter the deposit before the close of the day. The only fault chargeable to Greenberg is that he let his account get so low at the time the check would naturally have been presented. It is a heavy penalty to pay if for this error he must suffer a judgment of $10,000, together with interest, to stand against him.

Counsel for the respondent does not dispute the fact that the result reached by the inadvertent default of Greenberg is harsh, unjust and inequitable. But he says that was the contract, and if he is right in his characterization of the instrument as a contract and not a stipulation in an action, he is correct in his legal position. The court cannot make a new contract for the parties, regardless of the hardship of the bargain they have made.

We do not agree that the instrument was a fixed and definite contract, but deem it a stipulation and nothing more. It is not an original agreement, but one made in the course of the action in which matters are left subject to the action of the court. It is entitled in the action and begins, " It is hereby stipulated and agreed." At least eight times in the body of the instrument the words " stipulation " or " stipulations " are used. The action was not settled and discontinued, but it was provided that on default the plaintiff might enter a judgment without further notice. There was an application by plaintiff to the Special Term for an order for the entry of judgment on default, which was granted; and judgment was entered.

Generally speaking, under such circumstances the court retains jurisdiction of the action. Whatever the instrument may be called — an agreement or contract — when it is left subject to the action of the court and is the basis of a judgment by the court, then control over it is left to the court. (*Kunker* v. *Kunker*, 230 App. Div. 641.)

The rule in respect to the power and duty of the court to relieve parties from stipulations is well understood. " Where a party has through inadvertence, mistake or other cause made an admission

or entered into a stipulation as to facts which are not true, there is, of course, power in the court to furnish relief in the exercise of sound judicial discretion upon good cause shown and in furtherance of justice." (*Levy* v. *Delaware, Lackawanna & Western R. R. Co.*, 211 App. Div. 503, 506.) Under almost any given state of facts, where to enforce a stipulation would be unjust or inequitable or permit the other party to gain an unconscionable advantage, courts will afford relief. (*Donovan* v. *Twist*, 119 App. Div. 734; *Humphries* v. *Shapiro*, 187 id. 96; *People ex rel. Tappin* v. *Cropsey*, 176 id. 415; *Matthiessen* v. *Orchidwood, Inc.*, 240 id. 947; *Carnegie Steel Co.* v. *Cambria Iron Co.*, 185 U. S. 403, 444.)

In *Sperb* v. *Metropolitan El. R. Co.* (10 N. Y. Supp. 865, 866; affd., 123 N. Y. 659) the rule is stated as follows: " The right of the plaintiff to be relieved from this situation does not depend upon the strict rules of law; but, in view of the fact that the defendants have lost nothing by reason of the stipulation being given, the court could relieve the plaintiff from the stipulation even after it had been given *by his own act*, if it was given inadvisedly, and it would be inequitable to hold him to its terms."

The respondent relies on *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.* (247 N. Y. 435). We think the case is distinguishable in its facts. In that case there was a definite agreement on a settlement and " that the above entitled litigation is settled and terminated * * *. The suits are to be marked settled upon the call of the calendar next Monday." General releases and stipulations of discontinuance were to be executed and exchanged. The insurance policies, the subject of the suit, were turned over to the attorney for the company, and on Monday the cases were marked " settled and discontinued " in open court by counsel for all parties. After this had occurred the application was made to vacate and annul the settlement agreement. It was held, in brief, that the settlement and discontinuance of the actions had already been consummated. In the course of the opinion it was said: " The court unquestionably exercises a large control over all proceedings in an action so long as the action is pending and the parties can be restored to their original position. * * * In the exercise of its discretion it relieves litigants from stipulations signed by counsel during the pendency of the case, on motion in the action, when such stipulations were either unadvisedly or inadvertently signed, or when the circumstances reveal that the stipulation should not be held, in order to promote justice and prevent wrong " (pp. 444, 445).

Further it was said: " These cases and all others cited are distinguishable from the present case. *The settlement was made, not subject to judicial action, but by contract.* * * * On the eve

of trial, with no defense, although the actions had been pending for a year, with a judgment for the full amount claimed confronting the defendants, the parties *settled and terminated* the litigation " (p. 446).

The facts are different here. Evidently the defendants had a good defense and there was a compromise for a much smaller sum than that claimed. The action was contingently settled depending upon payments, and only in the case of failure to make payments at the times designated was the stipulation to be deemed at an end, with leave to the plaintiff to apply to the court for a judgment. There was no discontinuance of the action, but it remained alive and existent. As already stated, we think the court still had jurisdiction not only to enter judgment, but to relieve the defendants from a default occurring inadvertently and without bad faith. The appellants should, therefore, have been relieved upon the imposition of terms; and if the defendants were to be relieved from the stipulation, then the plaintiff was entitled to be relieved also, and restored to her original position if she so elected.

It follows that the order should be reversed and the defendants' motion granted, vacating the judgment conditionally and on terms. The terms should be that the appellants forthwith tender and be ready to pay on notice all sums due under the stipulation, with interest and fifty dollars costs, together with ten dollars costs and disbursements of this appeal, with the option to plaintiff within ten days after the entry of the order to determine and give notice to appellants whether she will accept the terms of the settlement or restore the case to the calendar for trial, being relieved on her part of the stipulation upon crediting payments already made as against any sum that may be recovered. If appellants fail to comply with the conditions within five days after the entry of the order, then the order and judgment should be affirmed, with costs.

LAZANSKY, P. J., YOUNG, SCUDDER and TOMPKINS, JJ., concur.

Order reversed on the law and the facts and motion of defendants, appellants, granted on the conditions and terms stated in the opinion. Appeal from judgment dismissed, without costs. If appellants fail to comply with the conditions within five days after the entry of the order, the order and judgment are unanimously affirmed, with costs.