SIGMUND FORNAGIEL, by His Guardian ad Litem, JOSEPH FORNAGIEL, and JOSEPH FORNAGIEL, Respondents, v. CELIA WACHOLDER, Respondent; A-ED REALTY CORPORATION, Defendant, and NATHAN PENNER, Appellant. (Appeal No. 2.) — During the progress of the trial of this negligence action and while the jury

was deliberating, the attorney for the plaintiffs and the attorney for the insurer, representing defendant Penner, agreed upon a compromise and entered into a written stipulation contingent only upon the approval of the court of the compromise in respect to the infant plaintiff. The stipulation provided that "the defendant Nathan Penner hereby settles and compromises the above entitled action with the plaintiffs in the sum of Fifteen Hundred ($1500) Dollars; " and that the action " is hereby discontinued without costs or disbursements as to the defendant Nathan Penner." There was a further provision that another defendant represented by the same insurer would waive costs on the dismissal of the complaint, as to him already granted. It was agreed that the $1,500 should be paid within three days after a certified copy of the order of compromise of the infant's claim was served on the attorney for defendant Penner; but the discontinuance was not made contingent on the payment of that sum. The plaintiffs reserved rights as to another defendant, whose liability was then being considered by the jury. There were provisions for releases to be executed and the order of discontinuance thereafter to be entered. Later the jury returned with a verdict of $4,000 for the infant plaintiff and $500 for the father against defendant Penner and another who had not joined in the compromise. The attorney, relying on the stipulation, made no motion to set aside the verdict against defendant Penner. About two weeks later the plaintiffs' attorney obtained an order permitting the compromise of the infant's claim, and served a certified copy of the order on that defendant's attorney. Before payment could be made, the insurer was taken over by the Superintendent of Insurance in rehabilitation proceedings and it was impossible to carry out the terms of the stipulation in respect to immediate payment. The plaintiffs' attorney made no motion to be relieved from the terms of the stipulation; but later entered judgment on the verdict against this defendant. A few months later the order of rehabilitation was vacated; and the insurer then sought to make payment and to carry out the terms of the stipulation, which was refused by the plaintiffs. Defendant Penner is not questioning here the right of the attorney to make such settlement. Defendant Penner moved at Special Term to vacate the judgment or to reduce it to the sum of $1,500, or, in the alternative, that the plaintiffs be directed to accept that sum in full settlement in accordance with the stipulation and the order of compromise. The motion was denied. Order reversed on the law and the facts, and a new trial granted, without costs. The stipulation was binding on the parties in respect to the settlement and discontinuance and defendant Penner has relied and acted upon it; and there would be prejudice to his substantial rights if the plaintiffs, without having been relieved from the stipulation, should have the benefit of the judgment they have entered without authority after stipulating for discontinuance. (*Goldstein* v. *Goldsmith*, 243 App. Div. 268; *Levy* v. *Delaware, Lackawanna & Western R. R. Co.*, 211 id. 503, 506, and cases cited.) That defendant, as represented by the insurer, breached the condition subsequent in respect to payment; and thereby the plaintiffs' position was likewise changed, for the settlement and the prompt payment thereof were based on the then known financial insecurity of the insurer. As plaintiffs still refuse to accept the amount of the compromise, justice requires that both parties be relieved from the stipulation and be restored, as nearly as possible, to their position at the time the stipulation was made. (*Goldstein* v. *Goldsmith*, *supra*.) This can be done only by granting a new trial. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.