■ A. MAL MALVIN, Respondent, v MARSHA SCHWARTZ et al., Appellants, et al., Defendants.—In an action, *inter alia,* on a lease, defendants Marsha and Oscar Schwartz appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, entered November 21, 1977, as is in favor of plaintiff and against them, upon granting plaintiff's application for entry of a judgment pursuant to the terms of a stipulation of settlement. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and application denied, upon condition that appellants pay plaintiff the sum of $1,000 within 20 days after entry of the order to be made hereon, in full satisfaction of the stipulation of settlement; in the event that the condition is not complied with, then judgment affirmed insofar as appealed from, with $50 costs and disbursements. Before reaching appellants' arguments, we note that an issue has been raised concerning the timeliness of the appeal. On the record before us, it does not appear that a copy of the judgment or written notice of its entry was ever served by the plaintiff upon the appellants. Hence, the 30-day period to take an appeal as of right never began to run under CPLR 5513 (subd [a]). We turn now to the facts of the instant case. The stipulation of settlement entered into by the parties provided for the case to be settled for $3,000. The sum of $2,000 was to be paid within one week from the date of the settlement and two additional payments of $500 each were to be made within six months and one year, respectively. In the event these installments were not made, the plaintiff would be at liberty to enter a judgment for the full amount claimed in the complaint. Finally, the stipulation provided that the parties' attorneys agreed to "cooperate and consult with each other with respect to any actions taken in the enforcement of their respective judgments." When the appellants inadvertently failed to make the second installment payment, the plaintiff immediately informed them that he intended to seek a judgment for the entire amount claimed in the complaint. He also rejected a tender of payment for installments two and three. The tender was made approximately 10 days after payment two was due and prior to the due date of installment three. Plaintiff thereafter applied to Special Term for entry of a judgment based upon the violation of the stipulation. Special Term granted the application. In general, where a stipulation has not yet resulted in a final judgment, the enforcement of the stipulation is subject to the supervision of the courts (see *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435, 445; *Goldstein v Goldsmith,* 243 App Div 268). It was an abuse of discretion for Special Term to have entered judgment for the full amount demanded in the complaint, where the failure to make an installment payment was inadvertent and was promptly cured (see *Goldstein v Goldsmith, supra*). It also appears that the provision of the stipulation which required co-operation and consultation between the attorneys implied that

there would be some communication in the event of a default and prior to obtaining a judgment for the full amount demanded in the complaint. While plaintiff is correct when he maintains that courts ordinarily cannot enforce a spirit of generosity and co-operation (see *Graf v Hope Bldg. Corp.,* 254 NY 1), the express conclusion of the requirement of co-operation allows the court to enforce the agreement in an equitable manner. This is particularly true where, as here, the plaintiff is attempting to hold the appellants to the strict letter of the agreement. Accordingly, the judgment should be reversed, upon condition that appellants pay plaintiff $1,000 in satisfaction of the stipulation of settlement. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.