■ HYMAN EMBROIDERY WORKS, INC., Respondent, v ACTION HOUSE, INC., Appellant. — Appeal from order, Supreme Court, New York County (Pecora, J.), entered August 6, 1981, denying defendant's motion to vacate and set aside a judgment entered on July 6, 1981 in plaintiff's favor, unanimously dismissed, without costs or disbursements, as superseded by order, same court, of October 30, 1981. Order, Supreme Court, New York County (Pecora, J.), entered October 30, 1981, granting defendant's motion for reargument and, upon reargument, adhering to the original determination modified, on the law and in the exercise of discretion, without costs or disbursements, to the extent of granting defendant's motion to vacate and set aside the judgment entered July 6, 1981, and, except as thus modified, affirmed. On November 6, 1979, counsel for the respective parties entered into a stipulation of settlement of plaintiff's action to recover $13,120.86 with interest for goods sold and delivered. The stipulation required defendant to pay $10,000 in 10 monthly installments of $1,000 each and further provided that in the event of default of a payment not cured within five days after notice thereof or upon dishonor of any check delivered under the stipulation, plaintiff, without further notice, could enter judgment for the full amount demanded in the complaint with interest at 18% per annum from June 23, 1977 less credit for any payment made prior to default. Defendant's May 19, 1980 check in payment of the seventh installment was dishonored for insufficient funds. After its return plaintiff made no effort to redeposit the check, nor did it return the check to defendant. The next three checks were delivered in regular course, but plaintiff neither deposited nor returned them. Instead, on July 6, 1981, over one year after defendant's default, it entered judgment in the sum of $16,743.18, without notice to defendant as provided in the stipulation. Included therein was interest of approximately $2,500. In explanation of the dishonor of the May 19, 1980 check defendant submitted an affidavit from a bank officer that a delay caused by bank error in the internal transfer of an advance from defendant's factor to defendant's account left its account in an overdraft position. Defendant's bookkeeper claims that she was unaware that the May 19, 1980 check had not cleared until notice of entry of the judgment. She also alleges that during this period defendant issued 176 to 329 checks each month, at the end of which as many as 72 checks would be outstanding, sometimes for many months. Plaintiff, on the other hand, alleges, without denial, that its counsel advised defendant of the default at the time of dishonor. We find that it would be unduly harsh to enforce the stipulation in these circumstances. "Under almost any given state of facts, where to enforce a stipulation would be unjust or inequitable or permit the other party to gain an unconscionable advantage, courts will afford relief." (*Goldstein v Goldsmith,* 243 App Div 268, 272.) Moreover, while the stipulation does not provide any time limitations on the entry of judgment after dishonor, we find it significant that no reason for plaintiff's delay of over one year in entering judgment was offered. As a result of this delay defendant incurred an additional charge of $2,500 interest. Concur — Sandler, Sullivan, Silverman and Asch, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would affirm. The stipulation of settlement, which is set out in the majority opinion, makes no provision for "cure" time in the event of dishonor of any check. Moreover, as was pointed out in the opinion of Special Term, the defendant knew or should have known that its seventh payment had not cleared. The purpose of a settlement, which provides for the full amount demanded in the complaint to become effective in the event of a failure to make a payment, is to insure that the defendant has the burden of compliance with the settlement; otherwise, the plaintiff has merely bought another lawsuit for a lesser amount.

It was incumbent on the defendant to see to it that all the payments were made, as required, and if, in truth, it was a bank error, then the defendant may seek compensation from its bank.