■ BANK OF NEW YORK, Respondent, v ROBERT FORLINI et al., Appellants. [631 NYS2d 440] —In an action to recover funds advanced, the defendants appeal from an order of the Supreme Court, Rockland County (Miller, J.), dated May 2, 1994, which denied their motion to vacate a judgment entered upon the defendants' default in complying with a stipulation of settlement.

Ordered that the order is reversed and the judgment is vacated, on the law, with costs, on condition that within 20 days after service upon the defendants' attorneys of a copy of this decision and order with notice of entry the defendants pay the plaintiff the sum of $3,500, in full satisfaction of the stipulation of settlement; in the event that the condition is not complied with, then the order is affirmed, with costs.

The parties entered into a settlement agreement pursuant to which the plaintiff agreed to accept, in lieu of the $24,260 it originally sought, the lesser sum of $6,000. The defendants agreed to pay the settlement amount in monthly installments of $250. The stipulation provided: "If the defendant should default in any of the payments * * * and said default is not cured within ten (10) days after written notice to the attorneys for the defendant, * * * [the] plaintiff may enter judgment * * * without further notice."

After making the first 10 payments in a timely fashion, the defendants defaulted when their check was returned for insufficient funds. Prior thereto, the defendants' former attorney had apprised the plaintiff's counsel by letter that she no longer represented them and that all correspondence should be sent directly to the defendants. Nevertheless, the plaintiff's counsel

sent the notice of default to the defendants' former counsel without sending the defendants a copy of the notice.

According to the defendants, they did not become aware that their last check had been returned for insufficient funds until after the 10-day period set forth in the stipulation had elapsed. The defendants then tendered a replacement payment, but the plaintiff rejected the payment as untimely and, pursuant to the stipulation, entered a judgment in the amount of $30,216.31. The Supreme Court denied the defendants' subsequent motion to vacate the judgment. We reverse.

It has been observed that " '[u]nder almost any given state of facts, where to enforce a stipulation would be unjust or inequitable or permit the other party to gain an unconscionable advantage, courts will afford relief' " (Goldstein v Goldsmith, 243 App Div 268, 272; see also, Hyman Embroidery Works v Action House, 89 AD2d 515; Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435, 445; Malvin v Schwartz, 65 AD2d 769, affd 48 NY2d 693; Central Val. Concrete Corp. v Montgomery Ward & Co., 34 AD2d 860, 861). We find that the defendants established their entitlement to vacatur of the judgment. The record supports the conclusion that the defendants' default was inadvertent and minor in nature when measured against the harsh result which would obtain upon literal enforcement of the default provision in the stipulation. Prior to their default the defendants had been in compliance with the stipulation, making timely and full payments. Moreover, as soon as they learned of their default, they made a good faith effort to cure it. We note that when the plaintiff learned of the default, it chose to inform only the defendants' former counsel, even after it had been apprised that she no longer represented the defendants. Since the defendants' time to cure was limited, the plaintiff's conduct could be interpreted as an attempt to enforce a technical default to obtain payment of the far greater sum which the plaintiff had originally sought, but agreed to forgo as part of the settlement. Accordingly, and under the narrow circumstances presented, the defendants should be afforded the opportunity to make full payment of the balance remaining on the $6,000, in full satisfaction of the stipulation (see, Malvin v Schwartz, supra; Goldstein v Goldsmith, supra). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.