■ LOUIS Z. WEITZ, Respondent, v GERARD F. MURPHY, Appellant. [661 NYS2d 646] —In an action to recover upon a promis-

sory note, the defendant appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated July 3, 1996, which denied his motion to vacate a judgment entered March 28, 1996, upon his confession of judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the judgment is vacated.

On February 15, 1996, the parties entered into a stipulation settling their action for the sum of $125,000. The money was payable in three installments of $25,000 due 30, 60, and 90 days thereafter, respectively, with subsequent monthly payments of $2,000 until the $125,000 was fully paid. In connection with the stipulation, the defendant executed a confession of judgment for $135,000 to be held in escrow as security against his default. The first payment was due March 16, 1996, a Saturday. On March 15, 1996, the defendant sent his payment, consisting of one check for $14,600 and one check for $10,400, by Federal Express, directly to the plaintiff. The package arrived Monday afternoon, March 18, 1996. However, on that same afternoon, the plaintiff's counsel faxed the defendant's counsel a letter stating that the defendant was in default. That afternoon the plaintiff deposited the checks. Shortly thereafter, the defendant's check for $10,400 was dishonored. Without further communication with the defendant, the plaintiff entered judgment on March 28, 1996, in the principal sum of $120,400, in reliance upon the confession of judgment.

Thereafter, the defendant made the next two payments of $25,000. The defendant first learned of the entry of judgment on or about May 25, 1996, and immediately attempted to ascertain the reason for its entry and stay its enforcement on consent. When the plaintiff would not agree, the defendant moved by order to show cause to vacate the judgment. He then learned that his check for $10,400 had been dishonored. It appears that the defendant has subsequently paid that sum.

This Court has noted many times that " '[u]nder almost any given state of facts, where to enforce a stipulation would be unjust or inequitable or permit the other party to gain an unconscionable advantage, courts will afford relief' " (Goldstein v Goldsmith, 243 App Div 268, 272; see also, Bank of N. Y. v Forlini, 220 AD2d 377). The defendant established his entitlement to vacatur of the judgment. The defendant did not learn that his check was dishonored until over two months later. Moreover, it appears that the plaintiff deliberately failed to timely inform the defendant that the check had been dishonored, or that he had entered judgment on March 28, 1996.

Under these circumstances, the plaintiff's conduct could be interpreted as an attempt to enforce a technical default to obtain the unwarranted payment of additional moneys beyond that agreed to in the stipulation, and the defendant is entitled to vacatur of the judgment *(see, Bank of N. Y. v Forlini, supra)*.

The defendant's remaining contentions are academic in light of our determination. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.