OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and tenant’s motion to, in effect, stay execution of the warrant of eviction is granted.
In this chronic-nonpayment holdover proceeding, the parties entered into a so-ordered stipulation of settlement providing for the payment of arrears and establishing a one-year probationary period, during which the rent had to be paid by the fifth of each month. The stipulation also provided, however, that tenant “may pay the rent by the 10th day of the month on no more than 2 occasions.” Upon default of any payment, the stipulation stated, the warrant of eviction “may be accelerated on an affidavit of default.”
Prior to the due date of the first periodic payment under the stipulation, tenant had paid all of the outstanding rental arrears, totaling four months’ rent. Then, on January 14, 2010, tenant submitted the first periodic payment, which was due by no later than the 10th of the month. Based on that one late payment, landlord served her with a marshal’s notice. Tenant moved to stay execution of the warrant, which the Civil Court denied. We reverse.
At the time of tenant’s motion, tenant had substantially complied with the stipulation by making the January 2010 payment, which could have been made as late as January 10, by January 14. Tenant stated that the additional four-day delay was not willful, but was, instead, based upon her misunderstanding that the stipulation allowed two “late” payments (see e.g. 421 W. 22 LLC & 421 W. 22B LLC v Walberg, 30 Misc 3d 136[A], 2011 NY Slip Op 50171[U] [App Term, 1st Dept 2011]; cf. e.g. 175 E. Parkway Assoc. v Baptiste, 31 Misc 3d 138[A], 2011 NY Slip Op 50767[U] [App Term, 2d, 11th & 13th Jud Dists 2011]). Although tenant’s understanding of the stipulation was incorrect, the stipulation did contemplate that tenant would be allowed some flexibility in two payment dates. More *23 over, tenant had previously paid all of the arrears, and subsequently attempted to pay the February rent on time. In addition, we note that the stipulation did not provide that no default in payment during the probationary period could be considered de minimis (cf. e.g. 175 E. Parkway Assoc., 31 Misc 3d 138[A], 2011 NY Slip Op 50767[U] [2011]; Monroe Place Assoc. v Arango, 28 Misc 3d 130[A], 2010 NY Slip Op 51251[U] [App Term, 2d, 11th & 13th Jud Dists 2010]).
As tenant’s default was not repeated or unexplained (cf. e.g. M & R Realty Co., LLC v Brumfeld, 28 Misc 3d 139[A], 2010 NY Slip Op 51537[U] [App Term, 1st Dept 2010]), but was, instead, based upon confusion regarding the stipulation, we find that it should have been excused (see e.g. 421 W. 22 LLC & 421 W. 22B LLC, 30 Misc 3d 136[A], 2011 NY Slip Op 50171[U] [2011]). Accordingly, the order is reversed, and tenant’s motion, in effect, to stay execution of the warrant of eviction is granted.