Dara Realty Associates, LLC, Respondent,
against
Lyudmila Musheyev, Tenant, and Albert Musheyev, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Inez Hoyos, J.), dated July 1, 2014. The order denied a motion by tenant Albert Musheyev to, in effect, stay the execution of a warrant in a nonpayment summary proceeding.




ORDERED that the order is reversed, without costs, and the motion by tenant Albert Musheyev to, in effect, stay the execution of the warrant is granted. 
In this nonpayment proceeding to recover possession of a rent-stabilized apartment, Albert Musheyev (tenant) entered into a stipulation with landlord providing for, among other things, the entry of a final judgment in favor of landlord and a schedule for the payment of arrears in, and accruing, rent and electricity charges. A final judgment was entered, and a warrant issued, in accordance with the stipulation. Tenant substantially complied with the stipulation except that, prior to making the final payment due on April 30, 2014, he moved by order to show cause (OSC) to, in effect, stay the execution of the warrant. The OSC was adjourned twice, until July 1, 2014, at which time the Civil Court denied the motion.
Enforcement of a stipulation remains subject to the supervision of the courts (see Malvin v Schwartz, 65 AD2d 769 [1978], affd 48 NY2d 693 [1979]), and courts may relieve a party from the consequences of strict enforcement of a stipulation when it would be unjust or inequitable, or would permit the other party to gain an unconscionable advantage (see e.g. Weitz v Murphy, 241 AD2d 547 [1997]; Bank of NY v Forlini, 220 AD2d 377 [1995]; Hyman Embroidery Works v Action House, 89 AD2d 515 [1982]). Such relief is appropriate where a party has substantially complied with the stipulation (see e.g. J & H Mgt. Corp. v W.W.R.S Automotive Inc., 7 Misc 3d 134[A], 2005 NY Slip Op 50742[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]; AMA Realty v Farfan, 4 Misc 3d 131[A], 2004 NY Slip Op 50702[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).
Here, the record demonstrates that tenant substantially complied with all but the last deadline in the stipulation. Furthermore, tenant alleges on appeal, and landlord admits in its brief, that at around the time that the final payment was due, landlord offered tenant a settlement, [*2]that the OSC was thereafter adjourned twice while tenant considered the offer, and that tenant tendered the entire sum due on June 26, 2014, which was prior to the final court date. Under these circumstances, we find that the parties had extended the deadline for the final payment (see Zuckerman v 33072 Owners Corp., 97 AD2d 736 [1983]; Mansfield Owners, Inc. v Phillip, 50 Misc 3d 139[A], 2016 NY Slip Op 50148[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). As tenant tendered the sum due prior to the extended deadline for the final payment, his motion should have been granted.
In any event, the Civil Court lacked jurisdiction to entertain landlord's claim for the electricity charges, and to enter a final judgment which included an award for those charges, as those charges are not rent in the context of this rent-stabilized tenancy (see Related Tiffany v Faust, 191 Misc 2d 528 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). For this reason as well, a stay of the execution of the warrant, issued pursuant to the defective final judgment, was proper.
Accordingly, the order is reversed and the motion by Albert Musheyev to, in effect, stay the execution of the warrant is granted. 
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 23, 2016