South Shore Adjustment Co., LLC, as Successor Assignee in Interest To HSBC/Household/Orchard Bank, Respondent, 
against
Raul R. Marcia, Appellant.




Raul R. Marcia, appellant pro se.
E. Hope Greenberg, Esq., for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Vincent J. Martorana, J.), entered June 15, 2016. The order denied defendant's motion to vacate a default judgment of that court entered March 9, 2007 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, without costs.
In this action to recover for breach of a credit card agreement and upon an account stated, a default judgment was entered on March 9, 2007 against defendant in the sum of $1,843.28. Thereafter, the parties entered into a stipulation of settlement wherein defendant was required to make installment payments until the balance due was paid in full. In the event of a default by defendant, plaintiff was entitled to enforce the judgment entered on default. After defendant defaulted in making the installment payments pursuant to the stipulation of settlement, plaintiff sought to enforce the judgment. Thereafter, defendant moved to vacate the default judgment. The District Court denied defendant's motion.
While a stipulation's enforcement remains subject to the supervision of the courts (see Malvin v Schwartz, 65 AD2d 769 [1978], affd 48 NY2d 693 [1979]), settlement stipulations are favored and will not be undone absent proof that the settlement was obtained by fraud, collusion, mistake, accident or other ground sufficient to invalidate a contract (see e.g. Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]; Cach, LLC v Woodsnajac, 42 Misc 3d 129[A], 2013 NY Slip Op 52165[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, defendant's moving papers merely raised his defenses in the underlying action, which defenses were waived by his entry into the stipulation, and failed to offer any basis for why he had not complied with the stipulation or a sufficient ground for vacating it.
Accordingly, the order is affirmed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 09, 2017