Boston Road Brooklyn, L.P., Appellant,
against
Bweela Steptoe, Respondent.




Gutman, Mintz, Baker & Sonnenfeldt, P.C. (Arianna Gonzalez-Abreu, Esq.), for appellant.
Brooklyn Legal Services (Shannon Karam, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marc Finkelstein, J.), entered October 6, 2015. The order, insofar as appealed from, denied the branch of landlord's motion seeking leave to execute a warrant of eviction in a holdover summary proceeding.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this chronic-nonpayment holdover proceeding to recover possession of a rent-stabilized apartment, the parties entered into a stipulation of settlement pursuant to which a final judgment of possession was entered on February 6, 2012 and a warrant of eviction issued, with execution of the warrant to be stayed provided tenant complied with the terms of the stipulation, which imposed a five-year probationary period. In June 2015, landlord sought leave to execute the warrant of eviction, alleging a breach of the stipulation. By order entered October 6, 2015, the Civil Court denied landlord's motion.
It is well settled that enforcement of a stipulation remains subject to the supervision of the court (see Malvin v Schwartz, 65 AD2d 769 [1978], affd 48 NY2d 693 [1979]), which is not necessarily bound by language in the stipulation stating that any default shall be deemed material, and which "always retains the power to vacate a warrant of eviction prior to its execution for [*2]good cause shown" (Harvey 1390 LLC v Bodenheim, 96 AD3d 664, 664 [2012] [internal quotations marks omitted]; see also Brigham Park Co-Operative Apts., Sec #3, Inc. v Rock, 42 Misc 3d 141[A], 2014 NY Sip Op 50220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; 123 E. 92nd Realty, LLC v Thomas, 38 Misc 3d 141[A], 2013 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Here, the Civil Court found that tenant's opposition to the motion for leave to execute the warrant of eviction was sufficient to establish good cause to deny the motion, inasmuch as tenant showed that she had substantially complied with the stipulation; that she failed to pay the rent in full when she began experiencing financial difficulties because she had lost her job; and that, after obtaining new employment, she had paid the two months' rent that was due. Consequently, the Civil Court acted well within its discretion in denying landlord's motion (see 135 Amersfort Assoc., LLC v Jones, LLC, 48 Misc 3d 142[A], 2015 NY Slip Op 51250[U] [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2015]).
Accordingly, the order, insofar as appealed from, is affirmed.
SOLOMON, J.P., and ELLIOT, J., concur.
PESCE, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 15, 2017