GHR Company, LLC, Appellant,
against
Marie Augustine Sannon, Also Known as Celine Sanon, Respondent, et al., Undertenants.




Rappaport, Hertz, Cherson & Rosenthal, P.C. (David I. Paul), for appellant.
Marie Augustine Sannon, a/k/a Celine Sanon, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Eleanora Ofshtein, J.), dated June 20, 2016. The order granted tenant's motion to, in effect, continue the stay of execution of a warrant in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this holdover proceeding based on chronic nonpayment, the parties entered into a stipulation of settlement pursuant to which a final judgment of possession was to be entered and a warrant of eviction issued, with execution of the warrant to be stayed provided tenant complied with the terms of the stipulation, which imposed a probationary period. Upon tenant's failure to make a payment, landlord sought to execute the warrant of eviction, and tenant moved to continue the stay of the execution of the warrant. By order dated June 20, 2016, the Civil Court granted tenant's motion.
It is well settled that stipulations of settlement are independent contracts, are favored by the courts, and will not be undone absent proof that the settlement was obtained by fraud, collusion, mistake, accident or other ground sufficient to invalidate a contract (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Galasso, 35 NY2d 319, 321 [1974]; Matter of Frutiger, 29 NY2d 143 [1971]). Nevertheless, enforcement of a stipulation remains subject to the supervision of the court (see Malvin v Schwartz, 65 AD2d 769 [1978], affd 48 NY2d 693 [1979]), "which is not necessarily bound by language in the stipulation stating that any default shall be deemed de minimis" (Brigham Park Co-Operative Apts., Sec #3, Inc. v Rock, 42 Misc 3d [*2]141[A], 2014 NY Slip Op 50220[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Here, we find that the Civil Court acted well within its discretion in granting tenant's motion to continue the stay of the execution of the warrant.
Accordingly, the order is affirmed. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018