<partyblock>

Ross Realty, Respondent,

against

KBS Tires, LLC, Appellant.

David C. Nevins, P.C. (David C. Nevins of counsel), for appellant.

Somer, Heller & Corwin, LLP (Stanley J. Somer of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), dated March 9, 2017. The order denied tenant's motion to vacate a final judgment of that court entered January 18, 2017, upon tenant's failure to comply with a stipulation of settlement dated November 17, 2016, and to stay the warrant of eviction in a holdover summary proceeding.

ORDERED that the order is reversed, without costs, and the motion by tenant to vacate the final judgment and stay the execution of the warrant is granted.

In this commercial holdover proceeding, tenant appeals from an order denying its motion to vacate a final judgment entered January 18, 2017, upon tenant's failure to comply with a stipulation of settlement dated November 17, 2016, and to stay the warrant of eviction.

Enforcement of a stipulation remains subject to the supervision of the court (see Malvin v Schwartz, 65 AD2d 769, 769 [1978], affd 48 NY2d 693 [1979]), which may relieve a party from the consequences of strict enforcement of a stipulation when strict enforcement would be unjust or inequitable (see e.g. Weitz v Murphy, 241 AD2d 547, 548-549 [1997]; Bank of NY v Forlini, 220 AD2d 377, 378 [1995]). Such relief is appropriate where a party has substantially complied with the stipulation and where the default is de minimis (see e.g. Winthrop Realty, LLC v Menal, 21 Misc 3d 141[A], 2008 NY Slip Op 52383[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; J & H Mgt. Corp. v W.W.R.S Automotive Inc., 7 Misc 3d 134[A], 2005 NY Slip Op [*2]50742[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).

In our view, strict enforcement of the stipulation is unwarranted on the facts of this case. We note that, by the time the final judgment was entered, tenant had carried out substantially all of its obligations under the stipulation and that tenant alleges on appeal
that tenant had fully complied by the time the parties appeared on tenant's motion. In addition, landlord failed to establish that it had been prejudiced by tenant's failure to strictly comply with the stipulation. Under these circumstances, we find that landlord failed to establish a violation of the stipulation sufficient to warrant the termination of tenant's tenancy (see Dara Realty Assoc., LLC v Musheyev, 52 Misc 3d 134[A], 2016 NY Slip Op 51023[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Dubor Assoc. v Richburg, 50 Misc 3d 13, 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).

Accordingly, the order is reversed and the motion by tenant to vacate the final judgment and stay the execution of the warrant is granted.

MARANO, P.J., and GARGUILO, J., concur.

BRANDS, J., taking no part.

ENTER:
Paul Kenny
Chief Clerk

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>