PK Management, LLC, Respondent,
against
Ashley Baumann, Appellant.




Legal Services of the Hudson Valley (Barbara Finkelstein and Sean P. O'Fallon of counsel), for appellant.
Wallace & Wallace, LLP (Craig M. Wallace and Kieran M. Lalor of counsel), for respondent.

Appeal from an order of the City Court of Poughkeepsie, Dutchess County (Frank Mora, J.), dated September 12, 2017. The order denied tenant's motion to vacate a final judgment of that court entered August 2, 2017 pursuant to a stipulation of settlement, and the warrant of eviction, and to dismiss the petition in a nonpayment summary proceeding.




ORDERED that the order is modified by providing that the branch of tenant's motion seeking to vacate the final judgment and warrant is granted; as so modified, the order is affirmed, without costs. 
In this nonpayment proceeding, the parties entered into a two-attorney, so-ordered stipulation of settlement, wherein tenant agreed to pay landlord a total of $489.90 in three installments. Upon receiving a letter from landlord alleging that tenant had failed to make the first installment payment, the City Court entered a final judgment awarding landlord possession of the premises and the sum of $494.90, and ordering the issuance of a warrant of eviction, to be executed without a stay. Tenant moved to vacate the final judgment and warrant, and to dismiss the petition. Following a hearing, the City Court denied tenant's motion. 
Initially, we note that the entry of the final judgment violated the plain terms of the stipulation. The stipulation, construed under settled contract principles (see Matter of Banos v [*2]Rhea, 25 NY3d 266, 276 [2015]; Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [2006]) according to the plain meaning of its terms (see Matter of Banos v Rhea, 25 NY3d at 276; Greenfield v Philles Records, 98 NY2d 562, 569 [2002]), required landlord to submit an affidavit of noncompliance before obtaining a final judgment. Strict compliance with termination provisions that can result in a forfeiture of a leasehold is required (see Metropolitan Transp. Auth. v Cosmopolitan Aviation Corp., 99 AD2d 767 [1984]; Jacobson v Raff, 30 Misc 3d 143[A], 2011 NY Slip Op 50323[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Here, landlord failed to submit such an affidavit. 
In any event, we find that landlord failed to establish a violation of the stipulation sufficient to warrant the termination of the tenancy. Enforcement of a stipulation remains subject to the supervision of the courts (see Malvin v Schwartz, 65 AD2d 769, 769 [1978], affd 48 NY2d 693 [1979]), which may relieve a party from the consequences of strict enforcement of a stipulation when strict enforcement would be unjust or inequitable, or would permit the other party to gain an unconscionable advantage (see e.g. Weitz v Murphy, 241 AD2d 547, 548-549 [1997]; Bank of NY v Forlini, 220 AD2d 377, 378 [1995]). Such relief is appropriate where a party has substantially complied with the stipulation and where the default is de minimis (see e.g. Winthrop Realty, LLC v Menal, 21 Misc 3d 141[A], 2008 NY Slip Op 52383[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; J & H Mgt. Corp. v W.W.R.S Automotive Inc., 7 Misc 3d 134[A], 2005 NY Slip Op 50742[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Here, tenant had substantially complied with the stipulation by making a payment of $160 towards the first installment payment of $163.90 at most two days after the due date (see Brooks Shopping Ctr., LLC v Pizza Mania, Inc., 38 Misc 3d 130[A], 2012 NY Slip Op 52408[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; P & T Mgt. Co., LLC v Galanis, 33 Misc 3d 21, 22 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Tenant explained that her failure to pay the additional $3.90 was not willful, but was due to a lapse of memory regarding the amount due. Moreover, shortly after tenant realized that her payment was insufficient, she attempted to pay the missing amount, but landlord refused to accept any payments from tenant and submitted the letter requesting the entry of judgment. In addition, landlord failed to establish that it had been prejudiced by tenant's failure to strictly comply with the stipulation (see Ross Realty v KBS Tires, LLC, 59 Misc 3d 144[A], 2018 NY Slip Op 50729[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Under these circumstances, strict enforcement of the stipulation is unwarranted, and the branch of tenant's motion to seeking vacate the final judgment and warrant should have been granted (see C.L.B. Check Cashing, Inc. v NY Hobbies, Inc., 34 Misc 3d 147[A], 2012 NY Slip Op 50174[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Moshe Realty LLC v Grant, 10 Misc 3d 127[A], 2005 NY Slip Op 51899[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). 
The branch of tenant's motion seeking to dismiss the petition was properly denied, as no basis for that relief was shown.
Accordingly, the order is modified by providing that the branch of tenant's motion seeking to vacate the final judgment and warrant is granted. 
BRANDS, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 27, 2018