RCS Recovery Servs., LLC v Mensah (2018 NY Slip Op 07766)





RCS Recovery Servs., LLC v Mensah


2018 NY Slip Op 07766


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-07902
 (Index No. 34710/12)

[*1]RCS Recovery Services, LLC, respondent, 
v
Michael Mensah, appellant.


Peska & Associates, P.C., White Plains, NY (Adam M. Peska of counsel), for appellant.
The Stuttman Law Group, P.C., White Plains, NY (Dennis D. Murphy of counsel),
for respondent.



DECISION & ORDER
In an action to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated February 15, 2017. The order, insofar as appealed from, in effect, denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(3) to vacate a prior judgment of the same court (Victor J. Alfieri, Jr., J.) dated December 6, 2013, or, in the alternative, to direct the plaintiff to accept, in full settlement of that judgment, the remaining payments due under a stipulation of settlement dated July 2, 2014.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the defendant's motion which was to direct the plaintiff to accept, in full settlement of the judgment, the remaining payments due under the stipulation of settlement, and substituting therefor a provision granting that branch of the defendant's motion to the extent of permitting the defendant to pay to the plaintiff the outstanding amount due under the stipulation of settlement within 60 days after service upon the defendant's attorneys of a copy of this decision and order with notice of entry, and directing the plaintiff to accept such payment in full settlement of the judgment; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
In 2007, the defendant borrowed $74,000 from the plaintiff's predecessor-in-interest, Wells Fargo Bank, N.A., as evidenced by a note, which provided that he would repay the sum due, with interest at the rate of 9.5% per year. The defendant allegedly defaulted on the note on June 17, 2010, and this action ensued. On December 6, 2013, with the defendant's consent, judgment in the total sum of $95,083.08 was entered in favor of the plaintiff and against the defendant.
On July 2, 2014, the parties entered into a stipulation of settlement whereby the plaintiff agreed to accept the sum of $65,000 in full settlement of the judgment. An initial $5,000 payment was made on or about the date of the stipulation, and the remaining $60,000 was to be paid in monthly installments of $5,000, due on the 25th day of each month. The parties agreed that the judgment would remain as a lien on the defendant's property until full payment of the amounts owed under the stipulation, at which time a satisfaction of judgment would be issued by the plaintiff and filed with the Supreme Court. The stipulation further provided that, in the event of a payment default, the plaintiff would be permitted to continue to enforce the judgment, giving credit for any [*2]payments received and collected pursuant to the stipulation.
After paying a total of $45,000 without incident, the defendant inadvertently missed a payment due on March 25, 2015. By letter dated April 7, 2015, the plaintiff notified the defendant that he was in default and informed him of its election to continue to enforce the judgment pursuant to the terms of the stipulation.
The defendant avers that he attempted, in good faith, to cure his default, but the plaintiff refused and insisted upon full payment of the amount owed under the judgment, which was more than double what was still owed under the stipulation.
The defendant subsequently moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the judgment, or, in the alternative, to direct the plaintiff to accept, in full settlement of the judgment, the remaining payments due under the stipulation. The Supreme Court, in effect, denied both branches of the motion.
We agree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment. Absent any proof of intrinsic or extrinsic fraud in the procurement of the judgment, the defendant was not entitled to that relief (see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945-946; Dunkin Donuts v HWT Assoc., 181 AD2d 713, 714; Central Funding Co. v Kimler, 54 AD2d 748, 748).
However, under the circumstances of this case, the Supreme Court should have granted the alternate branch of the defendant's motion, which was, in effect, to preclude the plaintiff from enforcing the default provision of the stipulation without affording the defendant a reasonable opportunity to cure his default. "Under almost any given state of facts, where to enforce a stipulation would be unjust or inequitable or permit the other party to gain an unconscionable advantage, courts will afford relief" (Goldstein v Goldsmith, 243 App Div 268, 272; see Weitz v Murphy, 241 AD2d 547, 548; Bank of N.Y. v Forlini, 220 AD2d 377, 378).
Here, the defendant's default was inadvertent and minor in nature when measured against the harsh result that would be obtained upon literal enforcement of the default provision in the stipulation (see Bank of N.Y. v Forlini, 220 AD2d at 378). Insofar as the plaintiff failed to offer the defendant any opportunity to cure his default before seeking to recover the full amount due under the judgment, the plaintiff's conduct could be interpreted as an attempt to take advantage of a technical default to obtain payment of the far greater sum which the plaintiff had originally sought, but agreed to forgo as part of the settlement (compare Weitz v Murphy, 241 AD2d at 548-549 and Bank of N.Y. v Forlini, 220 AD2d at 378, with McKenzie v Vintage Hallmark, 302 AD2d 503, 504).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court