34 Hillside Avenue, LLC, Petitioner-Landlord-Respondent, 
against
Nancy Mateo, et al, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (Gary F. Marton, J.), entered on or about July 6, 2018, after a hearing, which denied her motion to be restored to possession in a holdover summary proceeding.




Per Curiam.
Order (Gary F. Marton, J.), entered on or about July 6, 2018, reversed, without costs, and tenant's motion to be restored to possession granted on the condition that she pay any arrears and eviction costs within 10 days after service of a copy of this order with notice of entry.
In settlement of a chronic nonpayment holdover proceeding, tenant consented to the entry of a final judgment, with execution of the warrant stayed provided she paid her rent by the tenth day of the month during a two year probationary period. The documentary evidence shows that tenant obtained a money order for the June 2018 payment on June 7. However, because of a scrivener's error, the money order, which was in the correct amount, was made payable to A & E LLC, a variation of the name of landlord's managing agent, A & E Real Estate, and not landlord, 34 Hillside Avenue LLC. In consequence, payment was not timely received by landlord and tenant was evicted. 
Tenant's obviously inadvertent error in inserting the wrong payee on the money order, which she timely purchased in the correct amount, is excusable pursuant to the court's supervisory power over enforcement of so-ordered stipulations (see Malvin v Schwartz, 65 AD2d 769 [1978], affd 48 NY2d 693 [1979]). Particularly in housing matters where a forfeiture of shelter is implicated, a default of this nature should be "measured against the harsh result which would obtain upon literal enforcement of the default provision in the stipulation" (Bank of New York v Forlini, 220 AD2d 377, 378 [1995]). In the circumstances, and given the long-term stabilized tenancy, tenant's disability, the absence of any demonstrated prejudice to landlord, and the proof that she has complied with her payment obligations during the period of the stay granted by this court, we favorably exercise our discretion to conditionally relieve tenant from her payment default (see Matter of Lafayette Boynton Hsg. Corp. v Pickett, 135 AD3d 518 [2016]; Harvey 1390 LLC v Bodenheim, 96 AD3d 664, 664 [2012]; 102-116 Eighth Ave. Assoc. v Oyola, 299 AD2d 296 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 28, 2019