90th St. Corp. v 203 W. 90th St. Retail, LLC (2020 NY Slip Op 05674)





90th St. Corp. v 203 W. 90th St. Retail, LLC


2020 NY Slip Op 05674


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 654532/16 Appeal No. 12041 Case No. 2019-04761 

[*1]90th Street Corp., Plaintiff-Appellant-Respondent,
v
203 West 90th Street Retail, LLC, Defendant-Respondent-Appellant.


Cole Hansen Chester LLP, New York (Michael S. Cole of counsel), for appellant-respondent.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Greg S. Zucker of counsel), for respondent-appellant.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about November 7, 2019, which, to the extent appealed from as limited by the briefs, denied in part plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Defendant s cross appeal, unanimously dismissed, without costs, as abandoned.
The motion court properly dismissed plaintiff-tenant's only cause of action, for the return of its security deposit from defendant-landlord under the terms of the stipulation of settlement of the nonpayment proceeding. "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York , 64 NY2d 224, 230 [1984]).
Here, the stipulation called for payment "in advance" of monthly use and occupancy for six months, during which period execution of the warrant of eviction was stayed absent a default by plaintiff. Plaintiff asserts that this term was modified by the parties' conduct when defendant demanded surrender of the premises on May 12, 2015 after an attempt to assign the lease failed to be consummated. The motion court properly determined that the unambiguous called for this very result based on plaintiff's failure to pay use and occupancy in advance for May 2015, and must be enforced according to its terms (W.W.W. Assoc. v Giancontieri , 77 NY2d 157, 163 [1990]).
As for plaintiff's equitable argument that the stipulation should not be enforced because the law abhors a forfeiture, we note that the motion court found no evidence that plaintiff attempted to cure its default in the payment of May 2015 use and occupancy, and the record does not reflect any basis to deem the stipulation's enforcement to be "unjust or inequitable" (see e.g. Bank of N.Y. v Forlini , 220 AD2d 377, 378 [2nd Dept 1995]), where, as here, the parties to the stipulation were sophisticated businesspersons represented by counsel.
The court properly denied plaintiff summary judgment dismissal of the second counterclaim for damages for the cost of repairs to the premises due to tenant's removal of numerous fixtures, on the ground that there are factual issues as to which party the fixtures belonged to.
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020