Watts v Espinoza
2026 NY Slip Op 03697
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Oliver K. Watts, appellant,
v
Wilma Espinoza, etc., defendant, Bayridge Funding, Inc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-05002, (Index No. 520594/18)
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Gomberg Legal, P.C., Ossining, NY (Stanislav Gomberg and Asher Lowenstein of counsel), for appellant.
Riker Danzig LLP, New York, NY (Michael R. O'Donnell of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 13, 2023. The order, insofar as appealed from, upon renewal and reargument, vacated so much of an order of the same court dated August 23, 2023, as granted the plaintiff's motion, in effect, for summary judgment on the complaint insofar as asserted against the defendant Bayridge Funding, Inc., and thereupon, denied the plaintiff's motion.
ORDERED that the order dated December 13, 2023, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Bayridge Funding, Inc. (hereinafter the defendant), and another defendant, inter alia, to recover damages for breach of contract. The defendant later interposed an answer, which the plaintiff rejected as untimely. The parties entered into a stipulation dated March 31, 2021, wherein the defendant agreed to respond to all outstanding discovery requests and that any default by the defendant entitled the plaintiff to strike the defendant's answer (hereinafter the default provision). The defendant responded to the discovery requests but objected to several of the requests. The plaintiff informed the Supreme Court that the defendant had violated the stipulation, and in June 2021, the plaintiff moved, in effect, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated August 23, 2023, the court, among other things, determined that the defendant violated the stipulation and granted the plaintiff's motion.
In October 2023, the defendant filed a supplemental response to the plaintiff's discovery demand, in which it withdrew all objections. The defendant then moved, inter alia, for leave to renew and reargue its opposition to the plaintiff's prior motion, in effect, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated December 13, 2023, the Supreme Court granted that branch of the defendant's motion and, upon renewal and reargument, denied the plaintiff's prior motion. The plaintiff appeals.
"[U]nder almost any given state of facts, where to enforce a stipulation would be [*2]unjust or inequitable or permit the other party to gain an unconscionable advantage, courts will afford relief" (Weitz v Murphy, 241 AD2d 547, 548 [internal quotation marks omitted]). "Such relief is appropriate where a party has substantially complied with the stipulation and where the default is de minimis" (Matter of 35 Jackson House Apts. Corp. v Yaworski, 163 AD3d 805, 807). Here, the defendant's default of the stipulation was minor in nature when measured against the harsh result that would be obtained upon literal enforcement of the default provision in the stipulation (see RCS Recovery Servs., LLC v Mensah, 166 AD3d 823, 825). Upon granting leave to renew and reargue, which the plaintiff does not challenge on appeal, the Supreme Court did not improvidently exercise its discretion in determining, in effect, that the defendant substantially complied with the terms of the stipulation by providing the relevant documents that were requested. The defendant also expeditiously withdrew its objections to the discovery demands, curing any default of the stipulation (see RCS Recovery Servs., LLC v Mensah, 166 AD3d at 825; Bank of N.Y. v Forlini, 220 AD2d 377, 378). Under these circumstances, the court was not required to "enforce a technical default" of the stipulation where it would result in the drastic remedy of striking the defendant's answer (Weitz v Murphy, 241 AD2d at 549; see RCS Recovery Servs., LLC v Mensah, 166 AD3d at 825).
Accordingly, we affirm the order dated December 13, 2023, insofar as appealed from.
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court