*76 OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that tenant’s motion is granted solely to the extent of vacating the warrant; as so modified, affirmed without costs.
In this nonpayment proceeding, tenant failed to answer and a default final judgment was entered against her. Thereafter, Protective Services for Adults moved, on tenant’s behalf, to vacate the default final judgment and for the appointment of a guardian ad litem. This motion resulted in the appointment of a guardian ad litem. The guardian ad litem subsequently entered into a stipulation which provided that tenant owed $4,923.20 and that execution of the warrant would be stayed for four weeks, until November 30, 2000, for payment of this sum by the Department of Social Services (DSS).
Although the payment was not made within the specified time, the guardian ad litem moved, inter alia, to dismiss the petition on the ground that landlord had now accepted payment of December 2000 rent from DSS, which had commenced involuntary financial management of tenant’s affairs. The guardian stated that the arrears would be paid as soon as the city finished processing the paperwork. Landlord opposed the motion, claiming (incorrectly) that the stipulation allowed it to apply the DSS December payment to the arrears and that it had so applied the payment. Landlord refused to consent to wait any longer for the city to pay the arrears. The housing court granted tenant’s motion, vacated the default final judgment and warrant (and stipulation), and dismissed the petition with prejudice to a further summary proceeding for the subject arrears.
We modify the order.
Whether or not the DSS payment was explicitly earmarked for December 2000 rent, it was at all times clear to landlord that the payment, which was in the amount of the December 2000 rent, was intended to be applied to that rent and not to the arrears, and that payment of the arrears was awaiting the completion of the paperwork for the “one-shot deal.” “A direction [as to how a payment is to be applied] may be evidenced by circumstances as well as by words. A payment may be attended by circumstances which demonstrate its application as completely as words could demonstrate it” (Tayloe v Sandiford, 20 US 13, 20; cf., Orlopp v Willardson Co., 232 Cal App 2d 750, 758, 43 Cal Rptr 125 [a payment may be deemed earmarked *77 where it is in the exact amount of a particular debt]; 70 CJS, Payment § 39, at 36). In the circumstances of this case, landlord was bound to apply the DSS payment on behalf of tenant to the December 2000 rent, and landlord’s acceptance of this payment (as well as of those which followed it) reinstated the tenancy and vitiated landlord’s right to evict pursuant to the judgment (467 42nd St. v Decker, 186 Misc 2d 439). Thus, the warrant was properly vacated. There was, however, no basis shown for vacatur of the judgment, and we modify the housing court’s order accordingly.
Aronin, J.P., Patterson and Rios, JJ., concur.