OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that, upon reargument, original decision adhered to; as so modified, affirmed without costs.
In this nonpayment proceeding, landlord seeks to recover itemized electricity surcharges in addition to base rent, pursuant to a lease clause which deems these surcharges additional rent. In a stipulation of settlement, it was agreed that landlord would have a possessory final judgment for $7,726, including surcharges of $2,163.
After obtaining counsel, tenant moved for relief from the stipulation on the ground that the surcharges did not form part of the stabilized rent and should not have been included in the possessory judgment. The housing court, reasoning that tenant could not waive his protection under the Rent Stabilization Law of 1969 against being charged more than the legal regulated rent, vacated the possessory final judgment for $7,726 and replaced it with one for $5,563. Upon reargument, however, the housing court reinstated the original final judgment, now reasoning that Rent Stabilization Code (9 NYCRR) § 2522.10, which was added as part of the December 2000 amendments to the Rent Stabilization Code, permitted collection of the surcharges as rent.
Section 2522.10 provides:
“Surcharges for submetered electricity or other utility service.
“Where an owner acts as a provider of a utility service (including, but not limited to electricity, gas, cable, or telecommunications), the owner may collect surcharges which shall not be part of the legal regulated rent, and shall not be subject to this Code.”
In our view, the electricity surcharges may not be considered rent and lease clauses deeming these charges additional rent are not enforceable.
The Rent Stabilization Law of 1969 makes it unlawful to charge any “rent” in excess of the. legal regulated rent (Administrative Code of City of NY § 26-512 [a]; see also, 9 NYCRR 2525.1). Thus, lease clauses deeming legal and late *530 fees additional rent have been held to be unenforceable against rent stabilized tenants (e.g., 4220 Broadway Assoc. v Perez, 187 Misc 2d 602 [App Term, 1st Dept]; Brusco v Miller, 167 Misc 2d 54 [App Term, 1st Dept]; MacNish Assoc. v Harris, NYLJ, Oct. 20, 1987, at 15, col 4 [App Term, 2d & 11th Jud Dists]). Because the unenforceability is predicated on the proscription of the collection of excess rents, no distinction can be drawn between attorney’s fees and late fees on the one hand and utility surcharges on the other (see, Matter of Binghamton Hous. Auth. v Douglas, 217 AD2d 897; cf., Port Chester Hous. Auth. v Turner, 189 Misc 2d 603).
The amended Code provision clarifies that collection of utility surcharges is not an improper circumvention of the prohibition against collecting more than the legal regulated rent. However, the amendment does not provide that these surcharges are collectible as “rent.” On the contrary, the Code was also amended to expressly state that “[r]ent shall not include surcharges authorized pursuant to section 2522.10 * * * .” (9 NYCRR 2520.6 [c].)
Because collection of the surcharges as rent was not lawful, we vacate the possessory final judgment for $7,726 and reinstate the possessory final judgment for $5,563 (Ferro v Bologna, 31 NY2d 30, 35-36).
Aronin, J.P., Golia and Rios, JJ., concur.