OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order entered June 25, 2010 is dismissed; and it is further, ordered that the order entered July 8, 2010, insofar as appealed from, is affirmed, without costs.
In this holdover proceeding based on chronic late payment of rent and breach of a substantial obligation of the lease to pay submetered electricity charges, tenants, after defaulting under the terms of a probationary stipulation, moved, by way of cross *3 motion, to vacate the stipulation and dismiss the petition or, in the alternative, to stay the proceeding pending a determination by the New York State Public Service Commission (PSC) of their complaint regarding an alleged submetering overcharge. The Civil Court, by order entered June 25, 2010, denied tenants’ cross motion. By order dated July 8, 2010, the court denied the branch of tenants’ subsequent motion seeking leave to renew their cross motion and, upon, in effect, granting leave to reargue the cross motion, adhered to the prior determination.
Tenants’ appeal from the order entered June 25, 2010 is dismissed, as that order was superseded by the order entered July 8, 2010 which, in effect, granted tenants leave to reargue their prior cross motion.
The order dated July 8, 2010, insofar as appealed from, is affirmed. Tenants’ claim that the probationary stipulation should have been vacated because it improperly required them to pay electricity charges is without merit. While electricity charges may not be deemed additional rent where a tenancy is rent stabilized (Related Tiffany v Faust, 191 Misc 2d 528 [App Term, 2d & 11th Jud Dists 2002]), the stipulation in this holdover proceeding did not provide that landlord would have judgment for those charges, merely that tenants would cure their breach of a substantial obligation of the lease by paying the charges in installments. Moreover, landlord’s inclusion in the petition of a demand for arrears which included the electricity charges did not render the petition jurisdictionally defective (see Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699 [1983]; 17th Holding v Rivera, 195 Misc 2d 531 [App Term, 2d & 11th Jud Dists 2002]) and did not provide a basis for vacating the stipulation. Furthermore, the Civil Court did not improvidently exercise its discretion in refusing to stay this proceeding pending the PSC determination, as tenants did not show that their overcharge complaint had merit and as they were not in substantial compliance with the stipulation. We note, too, that tenants’ course of conduct in failing to timely pay rent and/or use and occupancy has continued during the pendency of this appeal.
Accordingly, the order entered July 8, 2010, insofar as appealed from, is affirmed.
Pesce, P.J., Golia and Aliotta, JJ., concur.