*844 OPINION OF THE COURT
Gary F. Marton, J.
Introduction
The above-captioned is a holdover proceeding. The premises at issue are a rent-stabilized apartment. Petitioner alleges that it may end respondent’s tenancy because he breached a substantial obligation of the lease by not complying with its alleged requirement to pay to petitioner money due for electricity. Respondent denies the same in his answer and now moves for summary judgment. As set out below, the court grants the motion and dismisses the proceeding.
Background
Some 23 years ago respondent became a tenant of the premises. In pertinent part, paragraph 6 of the lease between petitioner’s predecessor and respondent provides: “Tenant must pay for all electric, gas, telephone and other utility services used in the Apartment and arrange for them with the public utility company.”
About eight years ago, petitioner’s predecessor applied to the Division of Housing and Community Renewal of the State of New York (DHCR) for permission to submeter instead of including in rent a charge for electric current at the building in which the premises are located. As described at its website,[1] DHCR is the government agency that administers rent regulation, including rent stabilization, throughout New York State.
DHCR granted the application by an order dated March 29, 2004.[2] In pertinent part, it provides:
“The owner is permitted to convert from rent inclusion to rent exclusion of electric current by installing individual meters in the apartments or in the building; thereafter, the tenants will pay their own electric bills. . . . The owner has been granted permission to submeter based upon its agreement, contained in the application and supporting documents, that it will charge the tenants the same rate for electricity that the owner is charged by the utility at the master meter. . . . Dispute resolution regarding electricity charges was established in the *845 Public Service Commission’s order and was also addressed in the owner’s submetering plan dated August 7, 2003 and mailed to the tenants on August 20, 2003. After the conversion, the cost of electricity and service fee are not part of the legal regulated rent, and billing disputes are not under the jurisdiction of DHCR. The parties are advised that DHCR has no jurisdiction to entertain complaints regarding charges for electricity. Complaints about electric charges are to be handled pursuant to the dispute resolution plan or as otherwise required by the Public Service Commission.”
In 2006 respondent and petitioner’s predecessor entered into a lease renewal for a two-year period beginning March 1, 2006. The renewal has at paragraph 4 a space for separate electric charges; the space is blank. In 2008 the parties entered into a lease renewal for a two-year period beginning March 1, 2008. The renewal has at paragraph 4 a space for separate electric charges; the space is blank. In 2010 the parties entered into a lease renewal for a two-year period beginning March 1, 2010. The renewal has at paragraph 4 a space for separate electric charges; the space is not blank but instead the number “0” has been inserted.[3]
By a notice to cure dated February 24, 2012 petitioner served the first of two required predicates for this proceeding. In pertinent part, the notice provides: “Your failure to pay your electric charges is a violation of Paragraph 6 of your Lease Agreement and the Rules and Regulations of your Lease Agreement.” The second predicate, a notice of termination dated March 13, 2012, rests on an identical allegation.
Discussion
Respondent argues that inasmuch as paragraph 6 of the lease does not by its own terms require respondent to pay electric charges to petitioner, this proceeding should be dismissed; respondent urges that since the predicate notices for this proceeding are plainly wrong, petitioner will be unable to prove its prima facie case. There is no question that paragraph 6 requires respondent to pay electric charges not to petitioner but to “the public utility company.” Accordingly, the court holds that re *846 spondent has demonstrated his entitlement to summary judgment and has thereby shifted to petitioner the burden of demonstrating that it has a viable defense or that there is an issue of fact for which a trial or other hearing is needed. (Zuckerman v City of New York, 49 NY2d 557 [1980].)
Petitioner argues that the order (1) encompasses respondent and substitutes petitioner for the public utility company as the payee of electric charges, and (2) thereby amends the lease to make the satisfaction of electric charges a substantial obligation of the tenancy. However, the order does not refer to respondent, to respondent’s apartment, or to respondent’s lease. Instead, under the heading “Mailing Address of Tenant” the order states simply:
“Various
“380 Cozine Avenue
“Brooklyn, NY 11207.”
Moreover, and assuming that the order does apply to respondent, nothing in the order amends paragraph 6 by inserting therein an obligation to pay electric charges to petitioner. Neither does anything in the order amend any other portion of the lease by inserting an obligation to pay electric charges to petitioner. Instead, the order provides in substance that petitioner, which functions vis-a-vis its tenants as a landlord, will wear a second hat and function as a public utility in the provision of electric service. Further, the order specifically disclaims any role for DHCR — the administrative agency charged with regulating rent-stabilized tenancies — in resolving any disputes about the electric charges. The order provides instead that that role shall be performed by another agency; the order states: “Complaints about electric charges are to be handled pursuant to the dispute resolution plan or as otherwise required by the Public Service Commission.”
Petitioner urges that the decision in C.H.T. Place, LLC v Rios (36 Misc 3d 1 [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2012]) is to the contrary. The court disagrees. Rios was a holdover proceeding premised on the allegation that the tenant had been chronically delinquent in the payment of rent and electric charges due under the lease. The parties stipulated to a settlement that provided for the entry of a possessoiy judgment and the issuance of a warrant with its execution stayed for a probationary period during which rent and electric charges were to be paid. The tenant did not pay timely and for this noncompliance the court, both below and on appeal, allowed petitioner to execute the warrant.
*847 Petitioner argues that Rios may be read to stand for the proposition that an obligation under a lease to pay electric charges to the landlord constitutes a substantial obligation for the breach of which a tenancy may be terminated, and therefore that respondent’s failure here to pay electric charges to petitioner permits the termination of respondent’s tenancy. In particular, petitioner relies on the statement,
“While electricity charges may not be deemed additional rent where a tenancy is rent stabilized (Related Tiffany v Faust, 191 Misc 2d 528 [App Term, 2d & 11th Jud Dists 2002]), the stipulation in this holdover proceeding did not provide that landlord would have judgment for those charges, merely that tenants would cure their breach of a substantial obligation of the lease by paying the charges in installments.” (Rios at 3.)
Even if petitioner’s proposed reading of Rios is conceded, the argument is unavailing because, unlike in Rios where it was uncontested that electric charges were to be paid to petitioner under the lease and the stipulation, here petitioner offers nothing probative of an obligation under a lease or a stipulation to pay to petitioner charges for electricity.[4]
Furthermore, Rios is more easily read as standing for the basic proposition that where parties chart their own course by stipulating to a probationary period during which payments are to be made timely, courts will uphold the stipulation including any consequences specified to flow from noncompliance. (Cf. Chelsea 19 Assoc. v James, 67 AD3d 601 [1st Dept 2009].) Unlike the parties in Rios, the parties here charted no such course and made no such stipulation. That the stipulation in Rios required timely payment not simply of rent but also of electric charges is, this court holds, simply a circumstance of no legal consequence here.
Petitioner also argues (affirmation of Gonzalez-Abreu, dated July 17, 2012, 11 31) that summary judgment should be denied because respondent’s failure to pay electric charges constitutes a violation of paragraph 16A of the lease in addition to paragraph 6. However, and without addressing the relevance vel non of that paragraph, the court holds that this argument fails because the predicate notices make no mention of paragraph *848 16A. Petitioner may not now amend its predicate notices. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980].)

. http://www.nyshcr.org

. NY St Div of Hous & Community Renewal, docket No. PL2100090D (Mar. 2004).

. Petitioner asserts that the insertion of “0” was a computer glitch. However, petitioner does not assert either that some other number should have been inserted or that the space should have been left blank.

. The court notes that petitioner’s counsel here was also counsel to the landlord in Rios but that counsel does not argue, much less show, that the lease here is the same as that in Rios.