OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this nonpayment proceeding, the petition alleges that the tenant of record, Charles Kent, owes monthly rent of $895.20 for the months of October, November and December 2012, a September 2012 balance of $858.24, and late and legal fees. Tenant’s wife, Luvina Kent (occupant), answered (see RPAPL 743 [“any person in possession or claiming possession . . . may answer”]) and entered into stipulations with landlord’s attorney, including one in which landlord’s attorney acknowledged occupant’s right to appear and to enter into agreements on her husband’s behalf. Under these circumstances, landlord will not be heard to argue, as it seeks to do for the first time on appeal, that only occupant’s husband, and not occupant, had standing to move to dismiss the petition.
In support of her motion to dismiss, occupant showed that landlord’s rent ledger showed a missed payment in May 2009 and a partial payment in March 2010 and that the rest of the arrears sought for the subject rent-stabilized apartment accrued as the result of late and legal fees. Occupant argued, among other things, that the petition should be dismissed based upon laches. Landlord responded, among other things, that laches was unavailable because tenant’s monthly rent bills showed the outstanding balance; that landlord was entitled to apply occupant’s payments to the earliest arrears outstanding; and, in any event, that a successful laches defense results not in dismissal but in an award of a nonpossessory judgment. The Civil Court, treating occupant’s motion as one for summary judgment and finding that only $878.47 of the amount sought by landlord was for rent arrears, granted the motion, essentially for the reasons put forward by occupant.
*35 We affirm the dismissal on different grounds.
In our view, the affirmative defense of laches does not provide a basis for dismissal at this juncture. One of the elements of a laches defense is lack of notice that the claimant would assert a claim for relief (Cohen v Krantz, 227 AD2d 581, 582 [1996]; Dwyer v Mazzola, 171 AD2d 726, 727 [1991]). On the record before us, there is a triable issue of fact as to whether occupant was on notice of the arrears.
However, a dismissal is nevertheless warranted here for the reasons that follow. Landlord was not within its rights in applying occupant’s monthly payments, which were clearly intended to be rent payments, to the claimed legal and late fees (see L&T E. 22 Realty Co. v Earle, 192 Misc 2d 75 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]), as such fees cannot be considered rent where, as here, an apartment is rent stabilized, even where there is a provision in the lease deeming them additional rent (see Related Tiffany v Faust, 191 Misc 2d 528 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). Since the bulk of the arrears sought in landlord’s petition were for such non-rent items and were not identified as such in the petition, the petition fails to properly set forth the facts upon which the proceeding is based (RPAPL 741; Giannini v Stuart, 6 AD2d 418 [1958]) and was subject to dismissal on this basis.
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Solomon, JJ., concur.