<partyblock>

EOM 106-15 217th Corp., Appellant,

against

Woodly Severine, Tenant, and Michaelle Severine, Intervenor-Respondent.

Padernacht Law, P.C. (Daniel Padernacht of counsel), for appellant.

Queens Legal Services (Ernie Mui of Counsel), for intervenor-respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Clifton A. Nembhard, J.), entered March 20, 2017. The order granted a motion by intervenor Michaelle Severine to dismiss the petition in a nonpayment summary proceeding.

ORDERED that the order is affirmed, without costs.

In this nonpayment proceeding, the petition alleges that the tenant of record, Woodly Severine, owed monthly rent of $1,248 for the months of August and October 2016, a June 2016 balance of $8 and a May 2016 balance of $1,238. Annexed to the petition was a copy of a five-day rent notice, dated September 19, 2016 and served on September 30, 2016, which stated that tenant owed $1,248 for September 2016, $1,248 for August 2016, $8 for June 2016 and $1,238 for May 2016. Tenant's wife, Michaelle Severine (occupant), answered (see RPAPL 743 ["any person in possession or claiming possession . . . may answer"]) and moved to dismiss the petition on the ground that the five-day rent notice was defective as a matter of law in that it failed to give a good faith estimate of the arrears owed. In support of her motion, occupant provided evidence that she had made a payment of $1,240 earmarked for May 2016 rent, $1,250 earmarked for June 2016 rent and $1,250 earmarked for September 2016 rent. Landlord's own evidence established that those payments had been credited to tenant's account on June 6, 2016, July 8, 2016 and September 16, 2016, respectively. By order entered March 20, 2017, the Civil Court granted occupant's motion, finding that the rent notice was defective.

Initially, we note that, although occupant was not the tenant of record of the premises and was not named as a respondent in the petition, landlord has not challenged, either in the Civil Court or in this court, occupant's standing to assert the defense in question (see generally 270 E. 95 Props., LLC v Kent, 49 Misc 3d 33, 34 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also Rochdale Vil., Inc. v Goode, 16 Misc 3d 49, 52 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), and, thus, any issue with respect to occupant's standing to assert that defense is not properly before this court.

A proper rent demand is a statutory prerequisite to a nonpayment proceeding (RPAPL 711 [2]) and an element of a landlord's prima facie case (see Community Hous. Innovations, Inc. v Franklin, 14 Misc 3d 131[A], 2007 NY Slip Op 50050[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). A rent notice must "set forth the approximate good faith amount of rent owed" (Dendy v McAlpine, 27 Misc 3d 138[A], 2010 NY Slip Op 50890[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; see 542 Holding Corp. v Prince Fashions, Inc., 46 AD3d 309, 311 [2007]) and "fairly apprise the tenant of the periods for which rent is allegedly due and in what amounts" (Pantigo Professional Ctr., LLC v Stankevich, 60 Misc 3d 133[A], 2018 NY Slip Op 51039[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see 10 Midwood LLC v Hyacinth, 2003 NY Slip Op 50789[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). Moreover, it is well settled that, in asserting the amount of rent owed for each period, a landlord must apply the payments that it accepted to the months for which they were earmarked (see Greenbrier Garden Apts. v Eustache, 50 Misc 3d 142[A], 2016 NY Slip Op 50210[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; 270 E. 95 Props., LLC v Kent, 49 Misc 3d at 35; 134-38 Maple St. Realty Corp. v Medina, 3 Misc 3d 134[A], 2004 NY Slip Op 50469[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]; L & T E. 22 Realty Co. v Earle, 192 Misc 2d 75, 76-77 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]).

Here, the predicate rent notice, which sought rent arrears for May 2016 through September 2016, did not satisfy these requirements. While landlord admittedly had received the payments that were earmarked for May and June 2016, it failed to apply those payments to the respective periods for which they had been intended. Furthermore, landlord
omitted this payment from the rent notice. In light of the magnitude of the inaccuracies in the amounts sought in the rent notice, we find that tenant may have been prejudiced in his ability to respond to the demand, formulate defenses, and avoid litigation or eviction (see Inland Diversified Real Estate Serv., LLC v Keiko NY, Inc., 51 Misc 3d 139[A], 2016 NY Slip Op 50613[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; cf. 10 Midwood LLC v Hyacinth, 2003 NY Slip Op 50789[U], at *1). Given that the rent notice was defective and that it cannot be amended (see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 787 [1980]; 125 Ct. St., LLC v Sher, 58 Misc 3d 150[A], 2018 NY Slip Op 50092[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]), the Civil Court properly granted the motion to dismiss the petition.

Accordingly, the order is affirmed.

PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 11, 2019

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>