140 East Hartsdale Avenue, LLC, Respondent,
against
Robert Brooks, Appellant.




Legal Services of the Hudson Valley (Christopher F. Schweitzer and Barbara Finkelstein of counsel), for appellant.
Finger & Finger, P.C. (Carl L. Finger of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Greenburgh, Westchester County (Christie L. D'Alessio, J.), entered August 15, 2018. The order, insofar as appealed from as limited by the brief, denied the branch of tenant's motion seeking to vacate a final judgment of that court entered February 6, 2018 upon tenant's failure to appear or answer the petition in a holdover summary proceeding.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of tenant's motion seeking to vacate the default final judgment is granted.
In this chronic-nonpayment holdover proceeding, the petition alleges, incorrectly, that the apartment is not subject to regulation, and that tenant had breached a substantial obligation of his tenancy by failing to timely pay rent to landlord, which had resulted in landlord's bringing four prior nonpayment proceedings. As limited by his brief, tenant appeals from so much of an order of the Justice Court as denied the branch of his motion seeking to vacate a final judgment of that court entered February 6, 2018 upon tenant's failure to appear or answer the petition.
In view of the strong public policy favoring the resolution of cases on their merits (see Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [2011]) and of the circumstances presented here, including that tenant has alleged a potentially meritorious defense [*2](see Chama Holding Corp. v Taylor, 37 Misc 3d 70 [App Term, 1st Dept 2012]; Hudson St. Equities v Circhi, 9 Misc 3d 138[A], 2005 NY Slip Op 51764[U] [App Term, 1st Dept 2005]) based, in part, on landlord's history of misapplying tenant's rent payments to unawarded legal fees (see 270 E. 95 Props., LLC v Kent, 49 Misc 3d 33 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), we exercise our discretion and grant tenant's motion to vacate the default final judgment (see Down E. Seafood, Inc. v Sibling Fuel Co., Inc., 62 Misc 3d 148[A], 2019 NY Slip Op 50231[U] [App Term, 1st Dept 2019]). We note, in any event, that a default final judgment should not have been entered, in light of the incorrect statement in the petition regarding the rent-regulatory status of the premises (see RPAPL 741 [4]; M & Z Assoc. 1, LLC v Union Nature, LLC, 53 Misc 3d 145[A], 2016 NY Slip Op 51597[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Martine Assoc. LLC v Minck, 5 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of tenant's motion seeking to vacate the default final judgment is granted. 
RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 24, 2019