Bonham Strand LLC v Vidarte (2024 NY Slip Op 51387(U))

[*1]

Bonham Strand LLC v Vidarte

2024 NY Slip Op 51387(U)

Decided on October 7, 2024

Justice Court Of The Town Of Greenburgh, Westchester County

Orden, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 7, 2024
Justice Court of the Town of Greenburgh, Westchester County

Bonham Strand LLC, Petitioner/Landlord

against
Veronica Vidarte and Kerri Quinn, Respondents/Tenants.

Docket No. 24070461

Petitioner/Landlord was represented by Mark A. Guterman, Esq., and Respondents/Tenants were pro se.

Bonnie L. Orden, J.

PROCEDURAL BACKGROUND
On July 19, 2024, petitioner commenced this residential nonpayment proceeding against pro se respondents by filing a notice of petition, petition, and supporting exhibits with the Court. In response, respondents filed a pre-answer motion to dismiss, along with exhibits, on August 13, 2024. The petitioner, through his current attorney, Mark Guterman, Esq.,[FN1]
then filed an affirmation in opposition on August 20, 2024. In deciding the instant motion to dismiss, pursuant to CPLR § 2219, the Court has considered the notice of petition, petition, and exhibits, respondents' motion to dismiss, supporting exhibits, and petitioner's affirmation in opposition.
RES JUDICATA AND FAILURE TO COMPLY WITH RPAPL 741 (4) LEADS TO DISMISSAL
The respondents move to dismiss on the theory of res judicata. In support of its motion, respondents attached two prior decisions from the Village of Dobbs Ferry Justice Court as exhibits (see Bonham Strand LLC v Vidarte, 2024 NY Misc LEXIS 78 [Dobbs Ferry Just Ct, January 04, 2024, Koenigsberg, J.] ["Decision No.1"]); Bonham Strand LLC v Vidarte, [Dobbs Ferry Just Ct, June 6, 2024, Koenigsberg, J., Index No. 24040033] ["Decision No. 2"]).
In short, res judicata, or claim preclusion, prevents the same parties from litigating the same issue more than once after a final judgment. Once a claim has been brought to a final conclusion, all claims arising from the same transaction or set of facts are barred, even if they are based on different legal theories or seek different remedies, as more thoroughly supported below. Res judicata aims to provide finality, prevent repetitive litigation, and promote judicial economy [*2]by ensuring that disputes are fully resolved in a single proceeding (see generally Reilly v Reid, 45 NY2d 24 [1978]).
The issues before this Court, namely default and nonpayment under this particular lease by these particular tenants, have already been litigated extensively in Dobbs Ferry. In the June 6, 2024 decision from the Dobbs Ferry Court - wherein Joseph Hubicki, Esq, represented the petitioner — the Court addressed relief that is partially identical to the relief petitioner seeks in this Court — nonpayment of rent for February, March, and April of 2024. In the case at bar, petitioner seeks a non-payment possessory judgment for failing to pay rent from February through July 2024. After a trial, the Dobbs Ferry Court adjudged and decided that respondents were not delinquent in their rent payments for February, March, and April of 2024 (respondents' exhibit 2, p 5). Specifically, the court found that respondents tendered rent for February, March, and April, but petitioner improperly refused to cash those rent checks (Bonham Strand LLC v Vidarte, [Dobbs Ferry Just Ct, June 6, 2024] [Decision No. 2]). On the stand, petitioner admitted that he had been paid for March and April, but based on the parties' credibility, the court found that petitioner had also been paid for February (id.). Since the summary proceeding focused on the alleged failure to pay rent for February through April 2024, and the matter was resolved in favor of the respondents, the case was dismissed.
After the adverse ruling on June 4, 2024, just ten days later (on June 14, 2024), petitioner sent respondents a rent demand for February, May, and June, omitting the months of March and April. On or about July 1, 2024, petitioner, through his former attorney, Mr. Hubicki, Esq., sent respondents a 14-day notice to quit demanding rent from February through June 2024. Petitioner then filed the present petition in this Court on July 19, alleging that respondents failed to pay rent for February through July 2024. In the petition (¶ 6), it is alleged that the rent was duly demanded from tenants by service of a 14-day demand for rent, ignoring the actual rent demand, although said rent demand was attached as an exhibit. To lesser and greater degrees, the allegations contained in the rent demand, the 14-day notice, and the notice of petition and petition are factually inaccurate.
The Court is persuaded by the respondents' motion to dismiss for res judicata; however, the dismissal mechanism in this "special" non-payment summary proceeding is governed by CPLR § 409(b). The Court has the power to dismiss the complaint upon a search of the record, as on a motion for summary judgment (CPLR § 409 [b]) when there is a failure to accurately state the facts upon which the proceeding is based pursuant to Real Property Actions and Proceedings Law (RPAPL) 741 (4). "Pursuant to RPAPL 741, a petition must state, among other things, the interest of the tenant and the facts upon which the proceeding is based" (Citron v Pandis, 34 Misc 3d 152 [A] [App Term, 2d Dept 2012]). It is essential that the petition accurately state "the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met" (Giannini v Stuart, 6 AD2d 418, 420 [1st Dept 1958]). A petition that fails to set forth the arrears accurately must be dismissed (270 E 95 Properties LLC v Kent, 49 Misc 3d 33 [App Term, 2d Dept 2015]) and a petition which contains "fundamental misstatements and omissions" will be dismissed (King-Knights v Hall, 2024 NY Misc LEXIS 2629, 2024 NY Slip Op 50805 (U) [App Term, 2d Dept 2024] quoting Jeffco Mgt. Corp. v Local Dev. Corp. of Crown Hgts, 22 Misc 3d 141[A] [App Term, 2d Dept 2009]). Further, as required by RPAPL § 711(2), a proper rent demand, must "clearly inform the tenant of the particular period for which a rent payment is allegedly in default and the approximate good faith sum of rent assertedly due for each such period" (Schwartz v Weiss-Newell, 87 Misc 2d 558, 561 [1976]). A proper demand is a condition precedent to bringing a summary [*3]nonpayment proceeding and cannot be amended (see Chinatown Apts v Chu Cho Lam, 51 NY2d 786 [1980]).
Here, the rent demand explicitly does not demand payment for March and April (the months landlord previously admitted to having received) but does demand payment for February. Yet, the 14-day notice and the petition include those months. Since a court of competent jurisdiction previously adjudicated the issue of rent potentially due and owing petitioner for February, March, and April 2024, and the decision and order of that court was entered and served upon the parties before a new petition was filed in this court, at best, the petition is a 'fundamental misstatement or omission' in contravention of RPAPL 741(4) whose purpose is to ensure that the issues are correctly raised, allowing both parties and the court to address them appropriately.
"The doctrine of res judicata, or claim preclusion, provides that once a claim is brought to a final conclusion, all claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." (see 5 Warren's Weed New York Real Property § 48.20 (2024). The judgment of the Dobbs Ferry Court constitutes an absolute bar to a subsequent proceeding where the claim includes the non-payment of rent for February, March, and April (see Cromwell v County of Sac 94 U.S. 351, 352 [1876]). The NY Court of Appeals has indicated that "[r]es judicata is designed to provide finality in the resolution of disputes to assure that parties are not vexed by further litigation" and "[c]onsiderations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation" (Reid v Reid 45 NY2d 24, 28 [1978]). At the same time, however, the court is mindful that the doctrine of estoppel is not to be applied in an unyielding manner as it "is limited in such circumstance to the point actually determined" (Schuylkill Fuel Corp. v B.&C. Nieberg Realty Corp, 250 NY 304, 307 [1929], citing Cromwell v Sac, supra).
Here, the parties are identical, the claim for non-payment of rent for February, March, and April is identical, the claim is based on the same theory, and the claim seeks an identical remedy for those months, which comprise 50% of the alleged arrears being sought in the instant petition. While the Court is inclined to find that the petitioner intentionally misstated the amount of arrears by including the three months already adjudicated not to be arrears by the Dobbs Ferry Village Court, it need not make that finding. Suffice it to say the petition fails to "state the facts upon which the special proceeding is based" pursuant to RPAPL 741(4) and must be dismissed.
It is, therefore, ORDERED that the instant petition be dismissed.
The foregoing constitutes the DECISION and ORDER of this Court.
Dated: October 7, 2024
Hon. Bonnie L. Orden
Greenburgh Town Court

Footnotes

Footnote 1:Mr. Guterman, Esq. filed a notice of appearance on July 31, 2024.