**Riverbay Corp. v Dawson**

2025 NY Slip Op 33035(U)

August 28, 2025

Civil Court of the City of New York, Bronx County

Docket Number: Index No. L&T-338630-23/BX

Judge: Rina Gurung

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART K
-------------------------------------------------------------------X
RIVERBAY CORPORATION,                                    Index No. L&T-338630-23/BX

                        Petitioner-Landlord,      **DECISION/ORDER**

      -against-
                                    Motion Seq. No. 2
DARYL DAWSON,

                        Respondent-Tenant,
and

ALVARADO BRANCH, JOHN DOE,
and JANE DOE,

                      Respondents-Undertenants.
-------------------------------------------------------------------X
Present:      Hon. Rina Gurung
               Judge, Housing Court

---

Recitation, as required by CPLR §2219(a), of the papers considered in the review of petitioner's motion:

| Papers | Numbered |
|---|---|
| Respondent's Order to Show Cause, Affirmations, and Exhibits………...………. | 23-25 |
| Petitioner's Opposition……………………………………...…………….… | 26-27 |
| Court File…………………………………………………..……….………… | *passim* |

---

Upon the foregoing cited papers, the Decision and Order on this motion is as follows:

Petitioner Riverbay Corporation ("Petitioner") commenced this nonpayment of rent proceeding under RPAPL § 711(2) on September 19, 2023, against Respondents Daryl Dawson ("Mr. Dawson"), Alvarado Branch ("Mr. Branch"), John Doe, and Jane Doe. According to the Petition, Petitioner is a cooperative corporation which seeks possession of the subject premises on grounds that Respondents accrued arrears for monthly carrying charges. On October 2, 2023, Mr. Branch interposed an answer. Thereafter, there were several appearances and adjournments with a guardian ad litem being appointed for Mr. Dawson, NYSCEF Doc. No. 10, and Bronx Legal

1

Services appearing as counsel for him as well, NYSCEF Doc. Nos. 8 and 11.

Subsequently Petitioner and Mr. Dawson ("Parties") executed a stipulation by their respective counsel, wherein Mr. Dawson agreed to a final judgment of possession and money against him, in the amount of $41,567.52 as all carrying charges due through December 31, 2024, with a warrant to issue forthwith, with execution stayed for payment of this carrying charges balance plus carrying charges for January and February of 2025 on/before February 5, 2025. NYSCEF Doc. No. 13. While this stipulation provided that Petitioner reserved the right to seek fees and other charges "in this action or a separate plenary action[,]" such claims fall outside of the definition of rent provided by RPAPL § 702(1) and therefore these claims were effectively severed for a separate plenary action only. *See also* RPAPL § 702(2) (exempting cooperative housing corporations from RPAPL § 702(1) unless that cooperative housing corporation is subject to "article two, article four, article five or article eleven of the private housing finance law"); NYSCEF Doc. No. 1 at 2, ¶ 7 (pleading that Petitioner is organized under "Article 2 of The Private Housing Finance Law").

Mr. Dawson then, by his counsel, filed this Order to Show Cause, requesting that the Court "[s]tay[] execution of the warrant of eviction[,]" "[g]rant[] Respondent [Dawson] additional time to satisfy the judgment[,]" [v]acate the judgment and warrant upon payment of arrears[,]" along with other relief as the "Court deems just and proper." NYSCEF Doc. No. 24 at 1. This Order to Show Cause was first returnable on June 24, 2025, before then first being adjourned on consent as Mr. Dawson's counsel represented that the New York City Human Resources Administration – Department of Social Services ("HRA-DSS") issued arrears payments on behalf of Mr. Dawson. The Order to Show Cause was adjourned by stipulation a second time as Petitioner denied receipt of seven HRA-DSS checks; this two-attorney stipulation also operated as a receipt of Mr.

Dawson's in-court tender of $1,794.30 in money orders.

The Parties argued this Order to Show Cause on August 26, 2025, with Petitioner's counsel agreeing that Petitioner received the HRA-DSS payments, and with Mr. Dawson's counsel arguing that Mr. Dawson was entitled to a carrying charges credit of $12,276.96 through August of 2025 after application of those payments.[1] Given that Petitioner subsequently filed a satisfaction of judgment acknowledging that the final judgment against Mr. Dawson for $41,567.42 has been fully satisfied and in light of the fact that Petitioner did not dispute that applying the funds to the carrying charges balance would result in Mr. Dawson possessing a credit for carrying charges through August of 2025, the Court grants Mr. Dawson's Order to Show Cause to the extent that the Court vacates the judgment and warrant against Respondents, and dismisses this nonpayment proceeding under RPAPL § 749(3), without prejudice to the Parties' remaining disputes over fees, non-carrying charges, and penalties.[2]

Mr. Dawson's counsel, Legal Services NYC – Bronx by Roland Nimis, Esq. ("Mr. Nimis"), additionally made an oral application for a civil penalty to be applied to Petitioner under CPLR 5020(c), for failure to timely file a satisfaction of judgment. When Mr. Nimis was informed that the Court would not hear arguments on a claim for relief not included on the notice of motion,

---

[1] While Petitioner's counsel argued that the HRA-DSS payments should be applied to fees and non-carrying charges as well, payments must be applied as earmarked, *Snide v. Larrow*, 62 N.Y.2d 633, 634 (1984) ("The general rule is that the debtor may direct the application of his payments, but if he fails to do so, then the creditor is permitted to apply the payments as he sees fit"), and HRA-DSS' payments must be applied as intended by the agency, *L & T E. 22 Realty Co. v. Earle*, 192 Misc. 2d 75, 76 (App Term, 2d Dept 2002) ("Whether or not the DSS payment was explicitly earmarked for December 2000 rent, it was at all times clear to landlord that the payment, which was in the amount of the December 2000 rent, was intended to be applied to that rent and not to the arrears"). Here, HRA-DSS likely relied on the two-attorney stipulation of settlement in which Petitioner previously agreed to seek possession of the subject premises based on the carrying charges balance due, when assessing how much arrears assistance it should provide Mr. Dawson, and therefore these payments must be applied to the carrying charges balance.
[2] Even if Petitioner returned the HRA-DSS payments, and even if such refusal of tender did not violate Executive Law § 296(5)(a)(1), this proceeding must be dismissed given that the complete "rent" due was tendered. RPAPL 749(3)("In a judgment for non-payment of rent, *the court shall vacate a warrant upon tender* or deposit with the court of the full rent due at any time prior to its execution, unless the petitioner establishes that the tenant withheld the rent due in bad faith." (emphasis added)).

3

*HCE Assocs. v. 3000 Watermill Lane Realty Corp.*, 173 A.D.2d 774, 774 (2d Dept 1991) ("Generally, a notice of motion or order to show cause must state the relief demanded and the grounds therefor"), he responded that he would then file a motion seeking relief under CPLR 5020(c). Therefore, in the interest of judicial economy, the Court addresses Mr. Dawson's counsel's oral application for civil penalties to be applied against Petitioner in this proceeding. The provision governing civil penalties for failure to timely execute and file a satisfaction of judgment with the proper clerk states in relevant part that:

> When a judgment for five thousand dollars or more is fully satisfied, if the person required to execute and file with the proper clerk pursuant to subdivisions (a) and (d) of this section fails or refuses to do so within twenty days after receiving full satisfaction, *then the judgment creditor shall be subject to a penalty of five hundred dollars recoverable by the judgment debtor pursuant to section seventy-two hundred two of this chapter or article eighteen of either the New York city civil court act, uniform district court act or uniform city court act*; provided, however, that such penalties shall not be recoverable when a city with a population greater than one million persons is the judgment creditor, unless such judgment creditor shall fail to execute and file a satisfaction-piece with the proper clerk pursuant to subdivisions (a) and (d) of this section within twenty days after having been served by the judgment debtor with a written demand therefor by certified mail, return receipt requested.

CPLR 5020(c) (emphasis added).

Based on this Court's review of its limited jurisdiction and the plain text of the very provision Mr. Dawson's counsel relies on as support for a civil penalties claim, the Court denies this claim without prejudice to Mr. Dawson's ability to seek this relief in an appropriate forum. CPLR 7202 merely provides that "[w]here a penalty or forfeiture is given by a statute to a person aggrieved by the act or omission of another, the person aggrieved may commence an action to recover it[,]" and this is a special proceeding rather than an action. *See* CPLR 103 ("All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the

4

form of a summary proceeding is authorized."); CCA § 110(a)(5) (distinguishing between actions and summary proceedings). This is a summary proceeding commenced by Petitioner for possession of the subject premises and not an action which was commenced by Mr. Dawson for recovery of a civil penalty. *See* CCA § 110(a)(5).

Moreover, CCA § 110 does not authorize the Housing Part of the Civil Court of the City of New York to hear CPLR 5020(c) based claims for civil penalties, and in fact, CPLR 5020(c)'s enumeration of the venues in which these claims may be heard does not include the Housing Part. *Cf. People v. Page*, 35 N.Y.3d 199, 206–07 (2020) ("[U]nder the maxim *expressio unius est exclusio alterius* [] where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (internal quotation marks omitted)). The only reference to the New York Civil Court Act is to Article 18 – the article governing small claims. *See* CCA §§ 1801-1815.

Whatever potentially meritorious claim for civil penalties Mr. Dawson possesses under CPLR 5020(c), it cannot be heard in this proceeding. Therefore, Mr. Dawson's counsel's oral application is accordingly denied without prejudice to Mr. Dawson's ability to seek such relief in a plenary action.

The foregoing constitutes the Decision and Order of this court.

Dated: Bronx, New York
        August 28, 2025                                    SO ORDERED

                                                           _____
                                                           Hon. Rina Gurung
                                                           Judge, Housing Court

5